Mr. Justice CATRON,
 

 delivered the opinion of the court.
 

 This case comes before us on a certificate of. division from the Circuit Court- for the district of' Indiana. As the facts fully appear, in the statement of the reporter, they- need not be repeated at large here. The action was an ejectment; the defendants set up a sheriff’s deed, and the cou'rt was asked-to instruct the jury that the deed-was void for.two reasons: First, because the rents and profits had not been offered for sale, before the fee-simple was sold: Se- ■ cond, nor had the land been valued under the statutes "of Indiana before, the sale was made.
 

 The .first ground of objection involves the construction of the 3d section of the act -of February 4, 1831, which is in the following words:
 

 ’ “ That 'real and personal estate, taken in execution, shall sell for the best price the same will bring at public auction and outcry, except that the fee-simple of real estáte shall not be sold to satisfy any execution or executions, until the rents and profits-for the term of seven years of such real estate shall have first been offered for sale at public auction and outcry; and if such rents and profits will bring a sum sufficient to satisfy the execution or executions levied thereon,’ the sheriff, or other officer, selling the, same, shall make to the purchaser thereof a deed conveying to such purchaser a term of seven years in'and to such real estate; and moreover forthwith deliver-immediate and. actual possession
 
 thereof;
 
 and if such rents and profits will not sell for a sum sufficient to satisfy such execution or exe- . cutions, then the fee-simple, or other estate, of the execution defendant or defendants; shall be sold,'and a deed, conveying the same to the purchaser thereof, shall be executed by the officer selling the same.?’
 

 By this provision the sheriff, was governed in making the sale; if
 
 *714
 
 it was merely directory to the officer, then the deed cannot be assailed; but if it contains an inhibition to sell’the fee,, until the rents and profits are first offered, and the authority to sell the fée in this instance, did not exist before, then the sale was void: as it is admitted on the record, that the rents and profits .were not offered by the sheriff.- Had this fact no't been established,-then we are of opinion the court would have been bound ’ to presume the sheriff did his duty, and that the sale, and deed founded on it, were valid: .they
 
 being prima facie
 
 valid, the proof to assail them must come from the opposing -side', be it negative or affirmative. This is the general rule applicable to all proceedings of courts where they have and exercise general'jurisdiction; and of this description-is the court of Indiana, from which the execution issuédí This being, conceded, the question is, -Does the established.fact annul .the sale ? At common law the fee in lands by a fieri faciasris not subject to sale; the sheriff’s -authority to sell in this country is in the nature of a naked power conferred • by- statute ; he takes no title in the land by the levy, as he does in- goods, and can confer none on the purchaser, if power to sell is wanting.- We admit if the words -of a law are doubtful, the sale should' be. supported; and the .benefit of any Obscurity in the statute be given to the purchaser, lest he should be ' misled in cases where a general power is given to tjie sheriff to sell, and this is limited.by indefinite restrictions; and that the safer rule is to hold,such restrictions • to be directory. ’Further than this,, no general rule need'be asserted.' Giving- the act in question the benefit of these favourable intendments, and what .authority did it confer on the sheriff?
 

 The general power to sell lands at auction and outcry is given, but then follows the explicit restriction, that the fee-simple, shall not be sold until' the rents and' profits 'shall have been first offered at public auction and outcry; if they bring the amount of- the execution, the sheriff is to convey to the purchaser the term of seven years and put him forthwith into, possession. Had the power to -sell stopped here, then no authority, to convey the fee could exist ;' and the question is when did the power arise ? We think, on the failure-of the sheriff to gét a bid of the whole amount of the levy for a term of’ seven years; as before, the fee could not.be sold. Nor can we see how the legislature could have.made the exception more explicit, unless negative language had been used, repeating the inhibition; and for'* this there was no necessity, as the statute conferred a power not known to the common law, and which could only be given affirmatively, and which was not given at all, save with the positive restriction imposed in advance.
 

 To treat the exception as directory to the sheriff would violate, as it seems to us, the general spirit of the laws of Indiana ;■ they cautiously endeavour to maintain'debtors in possession and to preserve their houses, at the same time that a remedy is afforded to creditors
 
 *715
 
 against' lands. It not being onr province, however, to construe the state laws on this point, so as to ¿ive any binding effect to the adjudication on the courts of Indiana, we forbear to go into an examination in- detail of what we suppose to be the policy of that stated
 

 One consideration has been much pressed on us, to wit, That the' purchasers here are not proved to have had notice of a failure on the part of the sheriff to offer the term of seven years for sale first; It' is admitted if-such notice had been proved, the sale would be void.
 

 In our opinion the purchaser must be held to notice..' The statute contemplates a sale of- the term; or an offer to sell it, and a failure, and thip at public outcry, at the saíne time and place, and immediately preceding the sale of the fee: fie who goes to purchase and is present at .the sale, and does purchase, rarely' if ever can want actual knowledge, as the open outcry and public auction of the term is to be as notorious as that by which the fee is sold; and even should the purchaser of the latter not be.present at the opening of the vendue, the slightest dihgence would command information whether the requisite previous step had been taken. To treat a bidder at the sale in any of its stages', as an innocent purchaser, we think would be dealing with him in a manner too indulgent; as it is quite certain in no other instance could the. doctrine of innocent purchaser be applied to one having equal opportunities of knowledge, aside from any duty imposed on’ him to acquire it.. Furthermore: this would in almost every case of the kind narrow down the -issue to a single point — whether the purchaser had ór had not notice; leaving the jury to determine on the validity of the title, 'by the exercise óf an undefined discretion; its verdict being founded on an exception
 
 in pais,
 
 and on one the legislature did not see proper to make. This is a question of power, and the answer to the suggestion rests on this. The sheriff’s duties' are plainly prescribed; if he has no power to sell, vrant of knowledge on part of the purchaser could not confer it, and ho such contingency can be let in to help his deed.
 

 It is insisted the question has been settled by the Supreme Court of Judicature of Indiana, in the case of Doe v. Smith, 4 Blackford’s Rep. 228, that the. purchaser at execution sale takes a good-title to the fee, although the land had not been previously offered, for sale by the sheriff for the rents and profits of a term of seven years.
 

 That case does not so settle the point as to satisfy us. It applies to a sale, made pursuant to the act of January -30,1824, sect. 3; it; is in substance like that set forth above, of 1831, but much less stringent and precise in its terms of exclusion, so that the first might be held directory to the officer,-and the last an inhibition, if the-decision was to the precise effect contended for, which it is not. For another reason we suppose the question not to be settled in Indiana.. The certificate of division, although not exclusively contrary to the assumption that the question has been settled, must still be treated
 
 *716
 
 by us as. assuming
 
 prima
 
 fade, that the construction of the statute is open, and that it requires settlement here for the purposes of the case ; as. to no other end could the question be brought here in its present form.
 

 It is proper to remark, that it would be our duty on this point to follow the construction of the Supreme Judicial Court of Indiana, had it settled any; and this we would the more cheerfully do from the confidence we have in that tribunal; but nothing can be deemed as settled by the court of last'resort in a state, unless it has adjudged the direct question; or unless the subject has, in an indirect form, and at various times, been brought before such court, and treated as conclusively settled, and not open to controversy. This not appearing to be the case, it is certified to the Circuit Court that the sheriff’s deed is void for the reasons stated.
 

 2. The next question .certified is, whether the sheriff’s deed-is void, because the land was not valued according to the statute of Indiana before the sale took place.
 

 Linzee owed Gandy, who took a mortgage on a town Jot, of which Linzee was sei ed in fee. This occurred’ in 1838. The debt was for $909, and the property mortgaged worth more than the debt. Linzee made default, and Gantly filed his bill to foreclose: In September, 1840, he obtained a decree of foreclosure,,on which an execution issued in January, 1841. On the 13th of February following, the appraisement law was passed. The sheriff sold the property on the 1st of March, 1841, to the defendants.
 

 . 1'. The act of 13th February provides, that the debtor may redeem real estate sold under execution founded on a judgment or decree, at any’timeiwithin twelve months from the day of sale, by paying the money into the clerk’s office, with interest' thereon, at the rate of twelve and a half per cent.
 

 2: That junior encumbrances may redeem in like manner.
 

 3. That if the judgment debtor neglected, or Was unable to take tire stay by the laws tiren in force, the property should be sold on a credit, equal to the stay, and bond be taken by the officer selling, for the purchase money:
 

 4. That thereafter no property should be sold on execution for less than one half of its cash value at the time of the sale, to be ascertained by three freeholders at the instance of the officer: and if the property did not sell for half the value, the fact was to be returned on the execution, and another might issue subject to the same conditions.
 

 The decree ordering foreclosure was made ifi conformity to the existing laws, at the date of the mortgage, and of the decree.' An execution sale was the appropriate mode of foreclosure, and this without any of the restrictions contained in the act of February 13,1841. The dfecree followed the provisions of the 18th section of the act of 1831, chap. 36. The contract of mortgage v?as a vested interest,
 
 *717
 
 and its main incident a right to have the land applied in discharge of the debt, either by an execution executed, as on a judgment at law, or in some form of remedy substantially equal. The new remedy, prescribed by the act of 1841, changed the contract, and required among other things that the mortgaged premises should not be sold to satisfy the debt unless they were first valued, and one-half of that value was bid for them.' If the legislature could make this alteration in the contract, and in the decree enforcing it, so it could declare the property should bring its entire value, or that it should not be sold at all; thereby impairing, or defeating the obligation under the disguise of regulating the remedy. This court held in Bronson
 
 v.
 
 Kinzie, 1 How. 319, that the .right, and a remedy substantially in accordance with the right, were equally parts of the contract, secured by the laws of the state where it was made; and that a change of these laws, imposing conditions and restrictions on the mortgagee, in the enforcement of. his contract, and which .affected its substance, impaired the obligation, and could not prevail ; as an act directly jirohibifed, could not be done indirectly. This being the settled doctrine of the court, and applying as forcibly to the case before us,.as' it did to the one cited,,we answer'to the second ground of objection, that the sheriff’s deed is not void on this ground, although no valuation of the property was made before the sale. ■