LEWIS A. COLLIER, PLAINTIFF IN ERROR, v. JOSIAH STANBROUGH.

By the laws of Louisiana, debts which are due to a defendant, against whom an execution has issued, may be seized and sold. But they must first be appraised at their cash value, and if two thirds of such appraised value is not bid, the sheriff must adjourn the sale and again advertise the property.

This mode of proceeding was adopted by a rule of the Circuit Court of the United States, and was therefore obligatory upon the marshal.

Where the marshal made a sale of some promissory notes secured by mortgage, without an appraisement, and sold them for less than one third of their amount, the sale was void.

THIS case was brought up, by a writ of error, issued under the 25th section of the Judiciary Act, from the Supreme Court for the Western District of Louisiana.

In 1838, David Stanbrough was appointed, by the local authority in Louisiana, curator of the estate of one Harper, deceased.

In 1840, he was sued as curator, in the Circuit Court of the United States for the Eastern District of Louisiana, by the Farmers' Bank of Virginia. Judgment was rendered against him, which became final on default.

On the 6th of February, 1841, Stanbrough, the curator, exposed to sale some property of Harper, the deceased, which was in the inventory taken by the Probate Court of Madison, which court granted the order for a sale. Dougal McCall became the purchaser, for the sum of $11,433.66, divided into three payments of $3,811.22 each, for which he gave three promissory notes, payable to the order of David Stanbrough, curator, at the Merchants' Bank of New Orleans, on the 1st of January, 1842, 1843, and 1844. And in order to secure the payment of the notes, he executed a mortgage upon the purchased property.

At some time subsequent to this, but when the record does not show, a *fieri facias* was issued upon the judgment which the Farmers' Bank of Virginia had obtained against Stanbrough, the curator, and a levy was made upon the three notes above mentioned.

On the 31st of December, 1841, David Stanbrough, the curator, filed a petition, in the nature of a bill in chancery, to the Court of Probates in the Parish of Madison, praying, amongst other things, for an injunction to restrain the marshal from further proceedings upon the execution.

On the 10th of March, 1842, the court granted the injunction as prayed for.

On the 1st of April, 1842, Stanbrough filed a supplemental petition, stating that the parties enjoined continued to advertise the notes for sale, praying that proceedings might be had against the parties for a contempt of court, that the editor of the paper might be enjoined from further publication of the advertisement, and that Dougal McCall might be enjoined from paying the notes to any person except the petitioner. An injunction was issued accordingly, on the same day.

This injunction being afterwards dissolved, the marshal proceeded to sell, on the 9th of April, 1842, the property levied upon, being the three notes of McCall given to Stanbrough, the curator. The property was offered for sale and sold to Lewis A. Collier, the plaintiff in error in the present case. A transfer in writing was made of said property by the marshal to Collier. The seizure of the notes was made by notifying David Stanbrough, in whose hands they were, that they were thereby seized by virtue of the execution, but they never came to the corporal possession of the marshal. The transfer was returned to the office of the clerk of the Circuit Court of the United States, and there duly recorded.

On the 30th of July, 1842, Josiah Stanbrough, the defendant in error in the present suit, filed a petition in the Ninth District Court of the State of Louisiana, stating that the first note of

McCall, which became due on the 4th of January, 1842, had been protested for non-payment; that it had been transferred by the curator, the payee, to one Jesse Stanbrough, and by the said Jesse to him, the petitioner.

He therefore prayed for an order of seizure and sale of the property mentioned in the mortgage, for cash enough to pay the note then due, and upon a credit sufficient to meet the other payments as they should become due in succession.

On the same day, an order of seizure and sale was issued in conformity with the prayer of the petition.

On the 14th of December, 1842, Collier filed a petition in the same court, viz. the Ninth District Court of the State of Louisiana, in which he recited the facts in the case, and then alleged that Josiah Stanbrough had illegally and fraudulently obtained possession of the note then due; that David Stanbrough, the curator, had become leagued with Josiah Stanbrough to defraud the petitioner and all other creditors of Harper's estate; that if the petitioner was not the legal owner of the notes, then they were the property of Harper's estate; that Josiah Stanbrough never gave any value for them; and, finally, praying for an injunction against all parties concerned, which should afterwards be made perpetual.

An injunction to stay further proceedings was accordingly issued.

On the 4th of May, 1843, Josiah Stanbrough filed his answer, denying all the allegations of the petition, and averring that the property of the succession of Harper, whilst administered in the Probate Court of Louisiana, could not be legally subjected to any writ of execution from the federal courts, and claiming twenty per cent. damages.

Before the cause was tried, the following admission of facts was filed, viz.: —

Lewis A. Collier v. Josiah Stanbrough.
    Ninth District Court of the State of Louisiana, for the Parish of Madison.

The plaintiff in injunction relies upon the following facts, and he cannot go safely to trial without the documents necessary to prove them: —

1. Some two or three years since, a judgment was obtained in the United States Circuit Court for the Eastern District of Louisiana, against David Stanbrough, as curator of the succession of Jesse Harper, deceased, upon a claim against the succession of said Harper, at the suit of the Farmers' Bank of Virginia (perhaps the suit is styled "The President, Directors, and Company of the Farmers' Bank of Virginia v. David Stan-

brough, curator of the estate of Jesse Harper "); all which
will appear by the judgment.

2. Some twelve or fifteen months since, an execution (a *fieri
facias*) issued from said United States Circuit Court, at the in-
stance of the plaintiff in said suit, and under said execution a
levy was made on the three notes mentioned in the petition of
the plaintiff in injunction; and, after due advertisement, the
property was offered for sale, and was sold to Lewis A. Collier,
the plaintiff in injunction, and a transfer, in writing, was made
of said property, by the marshal, to said Collier. The seizure
of the notes relied on was made by notifying David Stan-
brough, in whose hands they were, that they were thereby
seized by virtue of said execution, but they never came to the
corporal possession of the marshal; all which will appear by
the execution, the return of the marshal thereon, and the con-
veyance of the marshal to Collier as aforesaid.

3. Said transfer was returned to the office of the clerk of
said United States court, and there duly recorded.

The statement of facts, on which the plaintiff in injunction
relies, as mentioned above, and which facts are hereinbefore
enumerated, is admitted by the defendant in injunction to be
true.                          BEMISS, J. DUNLAP, B. M. BRAWDER,
                                        *Attorneys for Defendants.*

The plaintiff in injunction admits that the notes in contro-
versy were never appraised, and that the sale was made with-
out appraisement, and that the notes in question belonged to
the succession of said Harper, which said succession, at the
time the said seizure was made, in manner stated above, was in
due course of administration in the Probate Court of the Parish
of Madison.                    R. C. STOCKTON, *Att'y for Collier.*

The following facts were also admitted, viz. : —

Admitted, that Lewis A. Collier is a creditor of Jesse Har-
per's estate, and that for two years, at least, the said succession
has been insolvent.

Admitted, that the judgment in the case of the Farmers'
Bank of Virginia against David Stanbrough, curator of the
succession of Jesse Harper, deceased, rendered in the United
States Circuit Court of the Eastern District of the State of
Louisiana, was made final on default.

Admitted, that David Stanbrough is now, and has been, cu-
rator of the succession of Jesse Harper, deceased, ever since the
1st day of January, 1840.

Admitted, that David and Jesse Stanbrough are brothers, and
Josiah Stanbrough is the son of Jesse; that they all live within
some three or four miles of each other; that Jesse Stanbrough

2 *

is security for David on his curator's bond, as curator of Harper's estate.

Admitted, that in the estate of Harper there was an inventory taken by the Probate Court of Madison of said succession of Harper, an order of sale, and sale of the property of Harper's estate, and the notes in dispute are of the proceeds of sale; that all those proceedings took place by order of the Probate Court.

It is admitted, that there is no order on the records of the Court of Probates ordering the estate of Jesse Harper to be insolvent.

Admitted, that Mr. Stockton, a creditor for $1,000, has never received from the estate of Jesse Harper but $250.

On the 16th of May, 1843, the court made the following decree : —

" By reason of the law and the evidence being in favor of the defendant, Josiah Stanbrough, it is ordered, adjudged, and decreed, that the injunction sued out in this case be dissolved; and it is further decreed, that the defendant recover of the said plaintiff, Lewis A. Collier, and his surety, Archibald Matthews, *in solido*, the sum of four hundred and twenty-seven dollars damages, being ten per cent. upon the amount of said defendant's claim, when enjoined, and that said plaintiff pay the costs of this suit to be taxed."

From this decree an appeal was had to the Supreme Court of the State, which affirmed the judgment of the District Court, with costs.

A writ of error was sued out to bring the case up to this court, and the following assignment of errors filed.

" Plaintiff assigns for cause, for which the judgment of the honorable the Supreme Court of Louisiana ought to be reversed by the honorable the Supreme Court of the United States, and a judgment rendered in his favor, as prayed for in his original petition, as follows, to wit : —

" 1. The decision of the Supreme Court of Louisiana denies to the Circuit Court of the United States for the State of Louisiana the power to execute judgments rightfully rendered by said Circuit Court against the representative of a succession, by proceeding to sell the property of the same, by a writ of *fieri facias*, or otherwise.

" 2. The Supreme Court of Louisiana erred in assuming authority to inquire into the validity of a judgment or execution from the said Circuit Court, or the manner in which said execution was proceeded on, the constitution and laws of the United States guarantying and conferring on said Circuit Court the power to take cognizance of such cases as that whereon

execution issued (to wit, the case of the 'Farmers' Bank of Virginia v. David Stanbrough, curator,' &c.), which necessarily includes the power to execute judgments so rendered.

"3. The Supreme Court of Louisiana erred in sustaining the law of that State which requires money demands against a succession to be prosecuted exclusively in the Probate Court, which law, the plaintiff avers, contravenes the constitution and laws of the United States; so far as it requires foreign creditors to prosecute their demands as aforesaid in said State court only is, therefore, so far null and void.

"4. The judgment aforesaid of the Supreme Court of Louisiana is, for other reasons, illegal and erroneous, and ought to be reversed."

The cause was argued by *Mr. Bibb*, for the plaintiff in error, and by *Stockton & Steele* and *Mr. Henderson* (in a printed argument), upon the same side. No counsel appeared for the defendant in error. The following points were made and argued by the counsel for the plaintiff in error.

1. The decision of the Supreme Court of Louisiana denies to the Circuit Court of the United States for the State of Louisiana the power to execute judgments rightfully rendered by said Circuit Court against the representative of a succession, by proceeding to sell the property of the same by a writ of *fieri facias*, or otherwise.

2. The Supreme Court of Louisiana erred in deciding that a judgment of the Circuit Court of the United States must be presented to the Probate Court of Louisiana for classification, and that said judgment of the Circuit Court was a mere recognition that the deceased owed the plaintiff on said judgment the sum therein adjudged to him, and thus forcing a foreign creditor into a State tribunal to settle the question of the rank which his claim shall hold.

3. The Supreme Court of Louisiana erred in assuming authority to inquire into the validity of a judgment or execution from the said Circuit Court, or the manner in which said execution was proceeded on, the constitution and laws of the United States guarantying and conferring on said Circuit Court the power to take cognizance of such cases as that whereon execution issued (to wit, the case of the "Farmers' Bank of Virginia v. David Stanbrough, curator," &c.), which necessarily includes the power to execute judgments so rendered.

4. The Supreme Court of Louisiana erred in sustaining the law of that State which requires money demands against a succession to be prosecuted exclusively in the Probate Court; which law, the plaintiff avers, contravenes the constitution

and laws of the United States; so far as it requires foreign creditors to prosecute their demands as aforesaid in said State court only is, therefore, so far null and void.

5. The judgment aforesaid of the Supreme Court of Louisiana is, for other reasons, illegal and erroneous, and ought to be reversed.

But as the Court avoided a decision upon these important points, resting it upon one which was in some measure collateral, it is deemed proper to omit the arguments of counsel.

Mr. Justice CATRON delivered the opinion of the court.

Lewis A. Collier filed his petition in the District Court held for the Parish of Madison, in the State of Louisiana, against Josiah Stanbrough and others, alleging that the Farmers' Bank of Virginia had recovered a judgment in the Circuit Court of the United States for the Eastern District in that State, against David Stanbrough, as curator of the succession of Jesse Harper; that an execution issued on the judgment, by which the marshal seized a debt belonging to the succession, due from Dougal McCall, evidenced by three notes of hand, and by a mortgage on land, securing the payment to be made to David Stanbrough, the curator; that the debt, amounting to 11,433 dollars, was seized and sold by the marshal, and said Collier became the purchaser, for the sum of 3,500 dollars, &c.

It is also alleged, that a fictitious indorsement had been made on one of the notes by the curator to Josiah Stanbrough, which the petition prays may be annulled, and that the petitioner may have the benefit of his purchase by judgment and execution on the notes and mortgaged property.

The defendants answered, and insisted that the debt was not legally seized or levied upon; and, secondly, that it was not legally appraised or advertised, as required by law.

The facts were agreed, and it was admitted that the notes in controversy were never appraised, and that the marshal sold them to Collier at a cash sale on the first biddings.

In the District Court, the law was adjudged to be for the defendants, and Collier's petition was dismissed; and from this judgment he appealed to the Supreme Court of Louisiana, where the judgment was affirmed; and to reverse this latter judgment, the plaintiff prosecuted a writ of error from this court to bring up the record; and this he had a right to do, as his claim of title was founded on "an authority exercised under the United States," which the judgment below drew in question, and the decision was against its validity.

The only question submitted for our consideration is whether the marshal's sale was void, or valid.

Collier v. Stanbrough.

The Supreme Court of Louisiana declared, in its opinion found in the record, and preceding the judgment, " that a creditor' residing in another State cannot issue an execution upon the judgment' which he has obtained in the federal court against the executor or administrator of an estate, which is admitted in the Court of Probates as insolvent, and take the property out of the hands of such executor or administrator, and leave nothing for the other creditors," — adding, that, as it was one of the admitted facts that Harper's estate had been insolvent for several years before the seizure and sale were made, they were consequently void.

But as this case has been argued here by counsel for the plaintiff, Collier, only, no one appearing for the defendant in error, we deem it proper to forbear touching the delicate question on which the Supreme Court of Louisiana founded its judgment of affirmance. Its great importance in different States, and the difficulties attending it on either hand, because of the conflicts it is likely to produce between the tribunals of the State and the federal courts, strongly impress this court with the propriety of leaving the question open and uninfluenced by the present opinion, as no necessity exists for such a decision in this case. The judgment of the State court pronounced the seizure and sale on the federal execution void; this judgment we are called on to revise, and if we find that it was proper, for the reasons given by the court below, or on other grounds manifestly appearing of record, and equally calling into exercise the jurisdiction of this court, it is our duty to affirm it; and we are of opinion that the judgment of the State court was proper, on another ground.

In Louisiana, the debts due to an execution debtor may be seized and sold on execution, like other movable property, and equally with the immovable property; in respect to lands seized on execution, it is necessary, before they are offered for sale, that they should be appraised by persons appointed for the purpose, and if, when offered at public sale, two thirds of the appraised value is not bid, the officer who is attempting to sell shall not adjudicate the sale, but cease, and readvertise the property, and again offer it at public outcry on a credit of twelve months; and this mode of proceeding, having been adopted by rule in the Circuit Court of the United States held in Louisiana, governs the marshal of that court. Whether movable property was entitled to the benefit of the provision seems not to have been definitively settled until 1845, in the case of Phelps v. Rightor and others (9 Robinson's Rep. 541), when it was adjudged by the Supreme Court of Louisiana, that movable property (of the same description that is here in

controversy) could not be legally sold by a sheriff in virtue of an execution, without having been first appraised at its cash value, and that then the cash bid on the first offer must be equal, at least, to two thirds of the appraised value; and for want of such an appraisement and bid, the adjudication of a cash sale on the first offer to sell was void, for want of power in the officer. And it is proper to remark, that, in the case of Gantly v. Ewing (3 Howard, 707), this court declared a similar principle to apply in a case arising under a law of Indiana, which provided that the fee simple of real estate should not be sold, until the sheriff had, at the time and place of sale, first offered the rents and profits of the land for a term of seven years at public outcry, and if no bid was had for the rents and profits sufficient to satisfy the execution, then the sheriff should proceed to sell the fee. In that case the sheriff had proceeded to sell the fee-simple estate without first offering the rents and profits for the seven years' term, and this court held that the sale was void, for want of power in the sheriff to make it before he complied with the previous step, forasmuch as the power to sell the fee simple arose for want of a bid for the term. In principle, that case and the one under consideration cannot be distinguished. In each it was immaterial whether the purchaser had or had not knowledge of the fact, that the officer had not taken the first step, as on that step the power to sell first arose. In this case, no appraisement was had, and the debt on the first bidding was struck off to Collier, for less than one third of the amount called for by the three notes and the mortgage to secure them; and these facts being admitted on the record, it follows that the sale was void, and that the judgment of the Supreme Court of Louisiana must be affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Supreme Court in this cause be and the same is hereby affirmed, with costs.