## MASON v. NORTHWESTERN INSURANCE COMPANY.

1. Where the Circuit Court adjudged the sale of mortgaged lands in Illinois, and foreclosed the defendant's right to redeem them, from and after such sale, he waives no error by omitting to tender the money within the statutory period allowed for redeeming them, he having within two years after the date of the decree appealed therefrom.
2. *Brine* v. *Insurance Company*, 96 U. S. 627 ; *Burley* v. *Flint*, 105 id. 247 ; and *Suitterlin* v. *Connecticut Mutual Insurance Co.*, 90 Ill. 483, commented upon.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The Northwestern Mutual Life Insurance Company filed, Dec. 10, 1875, a bill in the court below to foreclose a mortgage given May 7, 1874, by Murphy and wife, to secure his bond to the company for $40,000. The mortgage covers certain land situated in the city of Chicago, which they subsequently conveyed to Mason in trust for the benefit of Murphy's creditors. The bill prays for a decree ordering that payment of the amount due be made, and in default thereof that the land be sold by and under the direction of the court, in satisfaction of the decree, and that all persons claiming by, through, or under the defendants, or any or either of them, be forever barred and foreclosed of and from all title, interest, claim, demand, and all right and equity of redemption whatsoever in or against the land or any part thereof. Mason was made a party defendant, and he filed an answer setting up, *inter alia*, that the complainant ought not to have the relief prayed for in the bill, inasmuch as the statutes of Illinois provide that land sold by virtue of a decree of foreclosure may, in the manner which they prescribe, be redeemed within fifteen months of such sale ; and he prayed the same advantage of the answer as if he had pleaded or demurred to the bill of complaint. The court, Jan. 2, 1877, entered a decree for the amount due upon the mortgage, and directing the master to make a sale of the land in question according to the course and practice of the court. He reported, July 24, 1877, a sale of the land to the complainant May 8, 1877, and a decree was entered, July 31, 1877, confirming the sale, ordering him to execute to the complainant a deed of the land, adjudging the defendants to be forever barred and

foreclosed from all equity of redemption and other claim, legal or equitable, of, in, and to the land and every part thereof.

Mason appealed from both decrees, and assigns for error that the court below erred, — *First*, In denying to him, by the decree entered Jan. 2, 1877, the right to redeem from the sale thereby ordered, as prayed for by his answer, and in ordering the sale to be made in accordance with the course and practice of the court, without making provision for the redemption after sale. *Secondly*, In confirming, by the decree entered July 31, 1877, the master's sale made without redemption; in ordering him to execute a deed of the land before the time of redemption allowed by the statutes of the State had expired; and adjudging that the defendant should be forever barred and foreclosed from all equity of redemption and other claim in and to the land.

*Mr. Edward G. Mason* for the appellant.

*Mr. Thomas Hoyne* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

The error relied on to reverse the decree is the absolute foreclosure of the equity of redemption, without allowing the time for that purpose which the statute of Illinois provides. The case comes directly within *Brine* v. *Insurance Company*, 96 U. S. 627. Indeed, it is stronger, for while in that case we took the admission of counsel on both sides that " a sale in accordance with the course and practice of the court " meant a sale which did not admit of any equity of redemption, we have in this case a decree of confirmation of the sale which expressly and in the strongest terms cuts off all such right. In accordance with the principle settled by this court in the case of *Brine* v. *Insurance Company*, both these decrees are erroneous.

It is, however, urged as a reason for not applying that principle in the present case, that the appeal was not taken until after the period had elapsed within which the appellant could by the statute have exercised the right of redemption, and that he has neither paid nor tendered the sum necessary to redeem. *Burley* v. *Flint*, 105 id. 247, and *Suitterlin* v. *Connecticut Mutual Insurance Co.*, 90 Ill. 483, are relied on in support of this view.

The first of these cases was a suit in a local court of Illinois to obtain the benefit of the right of redemption from a sale under a foreclosure decree in the Circuit Court of the United States. The Supreme Court of that State refused the relief asked because no effort had been made to redeem within the statutory period, — a ruling which, in *Burley* v. *Flint*, we held to be sound.

The reason for this is that, while not seeking to reverse the decree, nor to set aside the sale made thereunder, the proceeding recognized both as valid, and asserted the right of the party to redeem, as though the sale had been made in accordance with the statute of Illinois. This right, of course, could only be secured by a strict compliance with that statute, and having permitted the period to elapse within which he had a right to redeem, he came too late. The court very properly dismissed the bill.

In *Burley* v. *Flint* this court approved and adopted the views of the Illinois court, and applied the principle to the case of a bill of review which sought the same end. The bill was filed after the expiration of the period of statutory redemption, and the amount necessary to redeem had not been tendered within that time.

Both cases differ from the present in that they were attempts to enforce the right of redemption outside of, and against the terms of the decree, while the present case seeks by an appeal to reverse and set aside the decree. In the former cases equity required that, before coming to the court for the relief which the plaintiffs asked, they should have complied with the requirements of the law, or at least offered, within proper time, to pay the redemption money. Not having done this, the court very properly refused to permit them to exercise this right after that time had passed, and with it the right to redeem. In the present case the appellant has exercised his right of appeal from the decree within the time allowed to him by the laws of the United States for that purpose. He has, therefore, rightfully brought this case before us for review. His right to do this does not depend upon any offer to redeem within the fifteen months allowed by the Illinois statute, but is an absolute right, which we cannot refuse or deny. As it is

apparent from the face of the decree and from what we have said in *Brine* v. *Insurance Company*, that both the original decree of sale and the subsequent decree of confirmation are erroneous in refusing to allow the right of redemption under the statute, they must be reversed. If anything were necessary to add force to this reasoning it would be found in the fact that the appellant Mason, in his answer to the original foreclosure bill, expressly referred to the statute of Illinois, and asked that any decree made in the case should make provision for redemption within fifteen months after the sale.

> *Decrees reversed, and cause remanded for further proceedings in accordance with this opinion.*

MR. JUSTICE HARLAN, having been absent during the argument, took no part in the decision of this case.