## TOLBERT *et al.* v. STATE BANK OF PADEN.

No. 1245. Opinion Filed November 18, 1911.

(121 Pac. 212.)

1. **MORTGAGES**—Foreclosure—Waiver of Appraisement. In a foreclosure suit on a note and mortgage, wherein appear the words "appraisement waived," it is error to order the sale of the property before the expiration of six months from the date of the judgment.

2. **SAME** — Foreclosure—Sale—Waiver of Appraisement. The fact that property, to be sold under execution based on judgment of foreclosure, was appraised, does not render valid a sale made of such property, before the expiration of six months from the date of judgment, where appraisement was waived in the note and mortgage upon which the judgment was based.

3. **PROCESS**—Service by Publication—Affidavit—Knowledge of Defendant's Residence. An affidavit for service by publication, which alleges the defendant to be a nonresident of this state, and that due diligence has been used, and summons cannot be served on defendant, in this state, together with other allegations required by law, is sufficient, without stating specifically the facts as regards the diligence used. But in such case where it is shown by defendant in a motion to quash service, and is not contradicted, that the plaintiff when the affidavit was made, and publication had, knew that defendant was not a nonresident of this state, and

that she actually resided in Oklahoma county in this state, although the affidavit was sufficient in form, yet it was, on such showing of uncontroverted facts, voidable, and ought to have been quashed.

4.    **SAME—Publication—Affidavit by Attorney.** An attorney in a case may make the affidavit required for service by publication, although not specifically authorized to do so in the statute authorizing such affidavit. And to make same he does not have to bring himself within the limitations of sec. 5613, Comp. Laws 1909 (St. Okla. 1893, sec. 3951).

(Syllabus by Brewer, C.)

*Error from District Court, Okfuskee County; John Caruthers, Judge.*

Action by the State Bank of Paden against Lucy Tolbert and others. Judgment for plaintiff, and defendant, Lucy Tolbert, brings error. Reversed.

*Geo. B. Denison,* for plaintiff in error.

*J. B. Patterson* and *C. T. Huddleston,* for defendant in error.

Opinion by BREWER, C. This suit was brought by the State Bank of Paden, defendant in error, plaintiff below, against Lucy Tolbert *et al.,* plaintiffs in error, defendants below, in the district court of Okfuskee county, on January 22, 1909. It was brought for judgment on a promissory note and to foreclose a certain real estate mortgage on town lots therein described. Personal service of summons was had on John L. Bruce, a junior mortgagee, and service by publication was had as to the defendant Lucy Tolbert. The defendant Bruce does not complain of the judgment rendered in the court below and will not be given further consideration herein. There was judgment in the court below against the defendant Lucy Tolbert for the amount sued for. A lien was impressed upon the lots in controversy, and they were ordered sold. After execution had been issued on the judgment and the sale had been had, the defendant learned of the proceedings and appeared in court specially, and filed various pleadings, among them being one to quash and set aside the service by publication for various grounds therein stated. This being overruled, and the sheriff having filed return of the execution

and sale of the property, she then filed objections to the confirmation of the sale, alleging that the judgment was void, and giving a number of reasons why the sale should not be confirmed. Her objections to the confirmation of the sale were overruled by the court, and on the 26th day of October, 1909, the sale was in all things confirmed and approved by the court, and the sheriff was ordered and directed to execute to the purchaser at such sale deed to the property. The defendant filed motion for rehearing on the motion to confirm sale, alleging various errors of law. This was overruled, exceptions saved,. and the case brought here for review.

There are, as has been suggested, a number of questions raised in this case, some of which will not be necessary to consider in view of the conclusions we have reached. In the grounds set up by the defendant as a reason why the sale should not be confirmed are the following:

"That it appears by the said petition that there was a contract in this case by which the said defendant had waived appraisement, and therefore the decree should have provided that no order of sale should issue until after six months from the rendition of such decree."

The note sued on in this case contains the following provisions: "And the several makers, sureties, and indorsers hereto hereby waive appraisement," etc. The mortgage executed simultaneously with the note and as security therefor contained the following provisions: "All rights of homestead, appraisement and redemption provided by the laws of Indian Territory are hereby waived by the mortgagor."

Section 5978, Comp. Laws 1909, provides as follows:

"That if the words 'appraisement waived,' or other words of similar import, shall be inserted in any deed, mortgages, bonds, notes, bill or written contract hereafter made,· any court rendering judgment thereon, shall order as part of the judgment that the same, and any process issued thereon, shall be enforced, and that land and tenements may be sold thereunder without appraisement; and such judgment, and any process issued thereon, shall be enforced, and sale of land and tenements made thereunder, without any appraisement or valuation being made of the

property to be sold: Provided, that no order of sale or execution shall be issued upon such judgment until the expiration of six months from the time of the rendition of said judgment. (St. Okla. 1893, sec. 4346.)"

The judgment of the district court ordering foreclosure and sale of defendant's property contains the following clause:

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff's debt above mentioned be, and the same is hereby, decreed to be a lien on the real estate herein mentioned; that the equity of redemption of the defendant Lucy Tolbert in and to said property be, and the same is hereby, forever barred and foreclosed; and that, if said debt be not paid within sixty days from the date hereof, said real estate be, and the same is hereby, ordered to be sold by the sheriff of Okfuskee county, Oklahoma," etc.

This judgment was rendered on May 28, 1909, and it appears that on July 17, 1909, execution was issued out of the clerk's office to the sheriff to sell the property on said judgment. It appears that on October 5th the sheriff filed return of sale of the property involved showing that he had had the same appraised, and also showing that it had sold for as much as two-thirds of its appraised value. On October 6, 1909, the objections of the defendant to the confirmation of the sale were argued to and taken under advisement by the court, and later, on October 26, 1909, the objections to the confirmation of the sale were overruled and denied. The sale was approved and confirmed and deed ordered to issue.

In this case these questions are squarely presented: Can a mortgage creditor sell property under a mortgage, where the right of appraisement has been waived by the debtor, before the expiration of six months after judgment of foreclosure, by having the property appraised? And, is a judgment of the court in such case ordering a sale within six months period valid? We believe both questions must be answered in the negative. In both the note and mortgage in suit appraisement is waived. This clause is a material part of the contract between the parties. Under the statute, *supra,* permitting the waiver by a debtor of his right to an ap-

praisement of his property before sale, where it is done, the credi-
tor obtains the right to sell the property under judgment without
any appraisement, and therefore regardless of how much or how
little it may bring. But the debtor, when he surrenders this right
to the creditor, obtains one himself—a right that is oftentimes
more valuable than the one he surrenders. He knows when he
contracts in his mortgage that no appraisement will be required
that in case he cannot pay the debt when due, if suit is brought,
"no order of sale or execution shall be issued upon such judg-
ment until the expiration of six months from the rendition of the
judgment." It will not do to say that the property was in fact
appraised, regardless of the waiver, and he has been protected.
The creditor cannot by his own election change the contract be-
tween them. This right given the debtor is quite analogous to
the right of redemption from mortgage or execution sales, and
the right of redemption in such cases has been held to be a vested
right. *Turk v. Mayberry* (not yet officially reported), 121 Pac.
665; *Brine v. Hartford F. Ins. Co.,* 96 U. S. 627, 24 L. Ed. 858;
*Orvis v. Powell,* 98 U. S. 176, 25 L. Ed. 238; *Swift v. Smith,* 102
U. S. 442, 26 L. Ed. 193; *Mason v. Life Ins. Co.,* 106 U. S. 163,
1 Sup. Ct. 165, 27 L. Ed. 129; *Parker v. Dacres,* 130 U. S. 43, 9
Sup. Ct. 433, 32 L. Ed. 848.

It has been often held by the courts that in cases where ap-
praisement has not been waived, and the statute requires prop-
erty to be sold for not less than two-thirds of its appraised value,
that a sale for less than two-thirds is absolutely void. *Capital
Bank v. Huntoon,* 35 Kan. 592, 11 Pac. 369; *De Jarnette v.
Verner,* 40 Kan. 224, 19 Pac. 666; *Gantly v. Ewing,* 44 U. S. 707,
11 L. Ed. 794; *Collier v. Stanbrough,* 47 U. S. 14, 12 L. Ed. 324;
*Smith v. Cookrill,* 73 U. S. 756, 18 L. Ed. 973.

In the case of *Reynolds v. Quaely,* 18 Kan. 361, it is stated in
the syllabus:

"Where appraisement is waived, the defendant is entitled
to a stay of execution for six months, and a judgment which au-
thorizes the sale of real estate without appraisement and gives a
stay of execution for only twenty days is erroneous"—citing
*Bashor v. Nordyke Co.,* 25 Kan. 222; *Pierce v. Butlers,* 21 Kan.
124.

In the case at bar the defendant was allowed sixty days to pay the judgment, but the execution was issued before that period had elapsed.

In the case of *Pierce v. Butlers,* 21 Kan. 124, the syllabus reads:

"Where a mortgage contains the words 'appraisement waived,' and the judgment rendered thereon orders the immediate sale of the mortgaged property, *held,* that the judgment is erroneous."

We conclude that the order of the court authorizing sale in this case after sixty days, and the execution issued thereon and the sale of the property, and the order confirming the sale and ordering deed to issue are erroneous.

The defendant in her motion to set aside and quash the service in this case alleged, and urged here, that the affidavit filed by plaintiff, upon which publication was had, is defective for the reason that it was made by plaintiff's attorney, and no showing made justifying an attorney for plaintiff to make same. This contention has been decided adversely to defendant by this court. *Spaulding v. Polley,* 28 Okla. 764, 115 Pac. 864.

"That the service was void because the affidavit for same stated that defendant was a nonresident of the state when in truth and fact she was a resident of the state, and of Oklahoma county at the time the affidavit was made, and while the notice was being published, and that this fact was well known at the time by the plaintiff."

The defendant introduced proof in support of her motion, and it was proven, and was not contradicted, that at the time the attorney filed the affidavit alleging defendant to be a nonresident of this state, and while the notice was being published, the cashier and managing officer of plaintiff bank knew that defendant was not a nonresident, and that she resided in Oklahoma City. And that defendant during said period of time was in correspondence with plaintiff bank, and that the fact that it had sued her, or that publication was being made for her, was never disclosed, and that she never knew of the suit until after judgment had been rendered against her, when she promptly filed her motion to quash service.

The plaintiff is a resident of Okfuskee county, and if its cashier and managing officer had been called upon to make the affidavit, he could not have truthfully made it, therefore he would not have made it. He knew where she was and that personal service could be had on her. The plaintiff bank knew what its cashier and managing officers knew.

Is this affidavit sufficient? In form it is, taken as a whole, under the decisions of this court. *Ballew v. Young,* 24 Okla. 186, 103 Pac. 623, 23 L. R. A. (N. S.) 1084; *Washburn v. Buchanan,* 52 Kan. 417, 34 Pac. 1049. But when you analyze it in the light of the admitted facts, is it? It states that diligence has been used, and defendant cannot be found. This would not be sufficient for service on a resident of the state, for the reason that the facts of what diligence was used are not set up. *Cordray v. Cordray,* 19 Okla. 36, 91 Pac. 781; *Nicoll v. Midland Saving & Loan Co.,* 21 Okla. 591, 96 Pac. 744. But it also states defendant to be a nonresident. This, so far as form goes, dispenses with the necessity of stating the facts as to the diligence used. *Ballew v. Young, supra; Washburn v. Buchanan, supra; Spaulding v. Polley, supra.* But when this statement was made in the affidavit the plaintiff knew defendant was not a nonresident. Then, the affidavit being insufficient in form, considered independently of the allegation of nonresidency for the reason stated, ought it to be held sufficient because of the incorporation in it of a statement plaintiff knew to be untrue?

This presents a rather peculiar situation, and, so far as we have been able to investigate, without exact precedent, and we have come to the conclusion that, the affidavit and publication being sufficient on its face, the service is not void, but that, under the facts shown upon a motion to quash by defendant, it was voidable, and ought to have been set aside.

For the reasons stated this cause must be reversed, with directions to the district court to proceed in accordance with this opinion.

By the Court: It is so ordered.

All the Justices concur.