**In re SHADLEY.**

**SHADLEY v. LUDWIG.**

**No. 7946.**

Circuit Court of Appeals, Sixth Circuit.

Oct. 16, 1939.

Elmer McClain, of Lima, Ohio (Elmer McClain, of Lima, Ohio, on the brief), for appellant.

A. F. Brindley, Jr., of Kenton, Ohio (A. F. Brindley, Jr., and Cessna & Cessna, all of Kenton, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court striking certain real property from a schedule of assets filed in proceedings under Section 75 of the Bankruptcy Act, Title 11, U.S.C., Section 203, 11 U. S.C.A. § 203.

While proceedings for foreclosure of a mortgage on appellant's real property were pending in the state court, appellant on December 24, 1934, filed a petition under Section 75, subsections (a) to (r). The petition was approved and referred to the conciliation commissioner. No application was made to the court for authority to proceed with the foreclosure action, as required by Section 75(*o*). The sheriff's sale was held on December 29, 1934, and the deed was confirmed and delivered to appellee on January 9, 1935. On March 7, 1935, appellant filed an amended petition under Section 75(s). This subsection was held unconstitutional on May 27, 1935. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

After the new sub-section (s) was enacted, 11 U.S.C.A. § 203(s), appellant filed an application for reinstatement of the case, which was granted, and it was again referred to the conciliation commissioner. Appellee filed a motion to strike the real estate from the schedule of assets, and the special master recommended that this be done upon the ground that since the sale was confirmed prior to the amendment of sub-section (s), the bankruptcy court had no jurisdiction of the property. The report of the special master was confirmed by the District Court.

The order must be reversed. Appellee bases his claim to the property upon the deed which was executed and delivered to him after the sheriff's sale. But after the District Court assumed jurisdiction of the property, no application was made for authority to proceed with the foreclosure action in the state court. This was in direct violation of Section 75(*o*), which provides:

"Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or other-

746

wise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court: * * *

"(2) Proceedings for foreclosure of a mortgage on land * * *

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage."

 The sale and the confirmation were therefore void and the deed was a nullity. Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105, 107; Byerly v. Union Joint Stock Land Bank of Detroit, 6 Cir., 106 F.2d 576, decided September 18, 1939. Appellant at the time he filed his petition had an estate in the land, and he has not been divested of this estate; hence the District Court has jurisdiction.

 It is urged that sub-section (o) does not apply to appellee because he is not the mortgagee nor a creditor of the farmer-debtor, but simply a third party, purchaser at the sheriff's sale. But the statute makes no such exception, and its terms are equally applicable to all classes of purchasers. Obviously the section cannot be mandatory as to one class of persons and directory as to another class. The sheriff had no power to sell, and hence could not confer title on the purchaser. Lessee of Gantly v. Ewing, 3 How. 707, 713, 11 L.Ed. 794; Mechanics' Savings & Building Loan Ass'n v. O'Conner, 29 Ohio St. 651; Krueger v. Krueger, 111 Ohio St. 369, 380, 145 N.E. 753; Arnold v. Donaldson, 46 Ohio St. 73, 18 N.E. 540.

The order of the District Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.