## TREGO v. WRIGHT et al.
### No. 8390.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1940.

Elmer McClain, of Lima, Ohio (Martin & Martin, of Toledo, Ohio, on the brief), for appellant.

Stephen S. Beard, of Van Wert, Ohio, for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from an order of the District Court dismissing appellant's petition to vacate and set aside orders of the state court confirming the sale of certain farmer-debtor property and to show cause why appellees should not be punished for contempt of court.

On or about March 1, 1933, appellant and his wife bought from appellee Harriet Wright about 80 acres of farm ·property located in Van Wert County, Ohio. The consideration for the purchase was the assumption of a mortgage on the premises and the execution and delivery to Harriet Wright of a second mortgage and promissory note in the sum of $994, due in sixty days. No part of this note was paid, and Harriet Wright, on July 21, 1933, instituted foreclosure proceedings in the court of common pleas of Van Wert County, obtained a decree and order of sale, and bought the property at sheriff's sale on July 21, 1934. Five days prior to the sale, appellant filed a motion in the court of common pleas, asking that the foreclosure proceedings be restrained or postponed until February 1, 1935. The motion was granted, and accordingly the following agreement was entered upon the record of the state court:

"By agreement of the parties and with the approval of the Court, the sale of the property of Grover C. Trego will not be confirmed until the defendant Grover C. Trego shall have reasonable opportunity to redeem the same by obtaining a Federal Loan on said premises or obtaining the money elsewhere but in no event shall the time for redeeming said premises extend beyond the 1st day of February, 1935.

"This statement shall be read prior to the sale to apprise all persons interested therein of the facts herein stated."

Appellant did not redeem the property or pay the amount due, and the foreclosure sale was confirmed by the court of common pleas on February 11, 1935. Prior to this date (January 26, 1935) appellant filed his petition in the District Court, seeking composition and extension as a farmer-debtor under the provisions of § 75, subs. a–r, of the Bankruptcy Act, Title 11 U.S.C. § 203, subs. a–r, 11 U.S.C.A. § 203, subs. a–r. On the same day the court approved the petition and referred the case to the Conciliation Commissioner. On February 26, 1935, appellant filed a petition setting forth that the sale to Harriet Wright had been confirmed by the state court, and requesting that she be restrained from selling or encumbering the premises, and that the foreclosure be vacated. On October 24, 1935, the District Court found that appellant's offer of composition had been rejected by the creditors. On November 6, 1935, appellant amended his petition, asking to be adjudged bankrupt, and for further relief under § 75, sub. s, of the Bankruptcy Act. On October 23, 1936, appellant petitioned the District Court to vacate the orders and entries in the state court proceedings, as above set forth. Vesta Githens, vendee of Harriet Wright, and Thane M. Spahr, Conciliation Commissioner, were joined as appellees. The District Court sustained the motion to show cause, and appellees filed their answer on October 22, 1937. The District Court dismissed the proceedings for the reason (1) that appellant could not complain because the state court carried out the terms of his agreement made in open court, since he had failed to redeem the property prior to February 1, 1935; (2) that appellant should have apprised the state court that bankruptcy proceedings had been filed and were then pending, and (3) that he had waited more than a year and a half after the state court had confirmed the sale, before filing petition to set aside the confirmation.

Unless the agreement above quoted estops appellant from taking advantage of the provisions of § 75, sub. s, clearly the order of the District Court must be reversed. § 75, sub. o, provides that proceedings for foreclosure of a mortgage on land and proceedings to sell land under or in satisfaction of any judgment shall not be maintained in any court or otherwise against the farmer or his property at any time after the filing of the petition under § 75 and prior to the confirmation or other disposition of the composition or extension proposal by the court, except upon petition made to and granted by the judge after hearing and report by the Conciliation Commissioner. This section was not complied with.

The provisions of § 75, sub. o, were held mandatory by this court in Hoyd v. Citizens Bank of Albany Company, 6 Cir., 89 F.2d 105, and in Shadley v. Ludwig, 6 Cir., 106 F.2d 745. All proceedings of the state court during the pendency of the composition and extension proceedings which were carried out without compliance with the statute were void and of no effect. As held by the Supreme Court in Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. ——, under § 75 of the Bankruptcy Act the state court is deprived of the power and jurisdiction to continue and maintain the foreclosure proceedings in any manner except as provided by that section. Cf. John Hancock Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. ——.

It therefore was immaterial that the farmer-debtor did not notify the state court of the pendency of the bankruptcy proceedings. He was not required by statute to give such notice, and failure to give it could not invest the state court with the power which under the Bankruptcy Act it did not have. It also was immaterial that the farmer-debtor paid no cash for the property, merely assuming the first mortgage and executing a second mortgage. These acts constitute a valuable consideration, and the statute makes no exceptions based upon the nature of the bargain. Its terms are equally applicable to all classes of purchasers (Shadley v. Ludwig, supra), and to all classes of farmer-debtors, provided they fall within the terms of the statutory definition. Neither did the agreement made by appellant prior to the second enactment of subsection s, estop appellant from asserting his rights under the amendment. The agreement did not waive the right to assert such rights, and if it had it would have been void as against public policy. Cf. Guaranty Trust Co. v. Green Cove R. Co., 139 U.S. 137, 11 S.Ct. 512, 35 L. Ed. 116; Conner v. Drake, 1 Ohio St. 166; Mutual Reserve Fund Life Ass'n v. Cleveland Woolen Mills, 6 Cir., 82 F. 508.

The instant case is distinguished from Union Joint Stock Land Bank of Detroit

v. Byerly, 60 S.Ct. 773, 84 L.Ed. ——, decided by the Supreme Court on April 22, 1940, by the fact that in that case the sheriff's sale was confirmed and the sheriff's deed was delivered and recorded after the petition of the farmer-debtor had been dismissed, and prior to the farmer-debtor's motion for reinstatement under the newly re-enacted subsection s. The bankruptcy court in that case, therefore, did not have jurisdiction of the proceedings at the time of the state court's confirmation of sale and delivery of deed.

Here the appellant's petition, subsequent to its filing on January 26, 1935, was pending in the bankruptcy court at all times prior to the confirmation of the sale on February 11, 1935, in the state court.

The decree is reversed and the case is remanded for further proceedings in accordance with this opinion.