## SCHRIEVER v. OXFORD BUILDING & LOAN ASS'N OF OXFORD, OHIO.

No. 8734.

Circuit Court of Appeals, Sixth Circuit.

Jan. 7, 1941.

Lawrence B. Swartz, of Cincinnati, Ohio, on the brief, for appellant.

Alton E. Purcell, of Cincinnati, Ohio, and C. A. Williams, of Oxford, Ohio, on the brief, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented in this appeal is whether, in a farmer-debtor proceeding under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, the District Court erred in granting appellee's petition to permit it to continue foreclosure proceedings commenced in the state court prior to the filing of the debtor's petition in the federal court. Appellant had filed his petition under § 75, subs. a–r, of the Bankruptcy Act, but had failed to secure an agreement of his creditors for an extension. After his amended petition under § 75, sub. s, was filed, the court referred the matter to the conciliation commissioner. An appraisal of appellant's property had been made, but no rental value had been set, prior to allowance by the District Court of appellee's petition for leave to proceed with foreclosure.

John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L. Ed. 176, held that § 75, sub. s, prescribes a definite course of procedure, and that the farmer-debtor's petition filed under that section could not be dismissed because of absence of a reasonable probability of the financial rehabilitation of the debtor. In that case the Supreme Court declared that the District Court is required to follow the procedure which § 75, sub. s, defines. Instead of having the property appraised, as required by the statute, the District Court in the cited case received conflicting testimony as to value, discussed the chances of the debtor's rehabilitation, and dismissed the petition and all proceedings thereunder. The Supreme Court held that this was reversible error. Cf. Wright v. Union Central Life Ins. Co., 61 S.Ct. 196, 85 L.Ed. —— (decided Dec. 9, 1940).

While in the instant case appellant's petition was not dismissed, if the foreclosure is permitted, there will be no property left in the custody of the federal court, and it will be impossible for the debtor to rehabilitate himself.

Section 75, sub. o reads in part:

"Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained * * *:
* * *

"(2) Proceedings for foreclosure of a mortgage on land * * *."

If appellee is correct in its contention, this provision establishes procedure whereby at any time, and prior to fixing of rental value under § 75, sub. s, a mortgagee creditor may have the statutory stay of foreclosure proceedings vacated. It was this procedure which it followed in the instant case. Certain language in Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105, and Trego v. Wright, 6 Cir., 111 F.2d 990, may be construed as supporting this contention. However, in view of the clarification of the statute in John Hancock Mutual Life Ins. Co. v. Bartels, supra, we conclude that when, as here, the farmer-debtor has filed his petition under § 75, sub. s, the provision in § 75, sub. o, for vacating stay of foreclosure proceedings upon petition therefor must be limited so as not to apply until all steps provided by § 75, sub. s, have been taken, and that the court erred in granting appellee's petition for leave to proceed with foreclosure.

The court, in John Hancock Mutual Life Ins. Co. v. Bartels, supra, said (308 U.S. page 187, 60 S.Ct. page 224, 84 L.Ed. 180:

"If, however, the debtor at any time fails to comply with the provisions of the section or with any orders of the court made thereunder, or is unable to refinance himself within three years, the court may order the appointment of a trustee and direct the property to be sold or otherwise disposed of as provided in the Act."

But here no rental was set, and the debtor was not in default until the court determined what were the conditions of his continued occupancy of the land. He had as yet not failed to comply with the court's orders, nor was it shown that he could not refinance himself within the three-year period.

The order entered July 5, 1940, is reversed, and the cause is remanded for further proceedings in accordance with this opinion.