## BEECHER v. LEAVENWORTH STATE BANK.

### No. 11244.

Circuit Court of Appeals, Ninth Circuit.

June 22, 1946.

Rehearing Denied Aug. 6, 1946.

S. P. Beecher, in pro. per., for appellant.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Appellant Beecher has appealed from several orders of the district court. Among them is an order of November 3, 1945, permitting the appellee to resume proceedings in the superior court of the State of Washington in foreclosure of appellee's lien on the orchard and home of Beecher, a part of the bankruptcy estate, by allowing a sheriff's sale of the property.

We are of the opinion that the district court had no power to grant such an order during the pendency of the proceeding under Section 75, sub. s, of the Frazier-Lemke Act, 11 U.S.C.A. § 203, sub. s, at this stage of the proceedings. Sections (o) and (p) of that Act prohibit such action unless after hearing and report of the Conciliation Commissioner, which was not had. Bastian v. Erickson, 10 Cir., 114 F.2d 338; Schriever v. Oxford Bldg. & Loan Ass'n, 6 Cir., 116 F.2d 683.

We reverse the order insofar as it permitted a sheriff's sale. It appears that the sale was held, that appellee was the purchaser, and the sheriff's deed delivered to it. We order that the district court exercise its jurisdiction over appellee to require it to restore the situation of the parties to that which existed prior to the making of the order.

Beecher also moved to set aside an order of November 18, 1939, permitting the foreclosure proceeding in the state court to advance to the point of decree of foreclosure. The district court in an order of November 5, 1945, denied the motion. The order of November 18, 1939, has become final. The ground of the motion to set it aside is that it was beyond the jurisdiction of the court. In this Beecher errs. The order was voidable but not void and Beecher's remedy was by appeal. Union Joint S. & L. Bank v. Byerly, 310 U.S. 1, 7, 60 S.Ct. 773, 84 L.Ed. 1041. We affirm the order of November 5, 1945, insofar as it concerns the motion to set aside the order of November 18, 1939.

Thereafter the sheriff advertised the property for sale for December 15, 1945. On December 4, 1945, Beecher moved the district court that it should restrain the sheriff from making the December 15th sale on the ground that the advertisement for the sale failed to set forth the provision of the court's order that "the sale be upon the condition that in any event the farm debtor shall be allowed the one year redemption right which is provided by State Statute in connection with a foreclosure sale, plus any further redemption right which this Court may order of which the Act shall provide."

The district court on December 19, 1945, denied this motion on the ground that it had lost jurisdiction because of the pending appeal from the order of November 3, 1945. We do not regard that appeal as a supersedeas of that order depriving the district court of jurisdiction to prevent a sale which was about to be made in violation of its order of November 3, 1945. The district court should have prevented such a sale and the order of December 19, 1945 in that regard is reversed.

Included in Beecher's motion of December 4, 1945, is a motion to set aside the order of November 3, 1945. In view of our treatment of that order this question has become moot.

Beecher also sought an order for the appointment of a Conciliation Commissioner. His motion was ordered denied without prejudice on November 5, 1945. At the hearing before us, Beecher stated this question had become moot by reason of the appointment of such a Commissioner. The appeal from that order is dismissed.

Certain orders reversed and appeals from others dismissed.