## MANTLE LAMP CO. *v.* ALUMINUM PRODUCTS CO.

No. 765. Argued May 3, 1937.—Decided May 24, 1937.

*Mr. George I. Haight,* with whom *Messrs. W. H. F. Millar* and *M. K. Hobbs* were on the brief, for petitioner.

*Mr. William N. Cromwell* for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This is a suit for infringement of Claims 1, 3 to 14, inclusive, 17, 18, and 21 to 24, inclusive, of the Blair Patent No. 1,435,199 for a heat-insulated receptacle. The District Court held all of the claims invalid by reason of lack of invention, prior invention, anticipation, as being for an aggregation and as involving only mechanical skill. That court further limited the claims to the particular structure disclosed in the application, and, so limited, held them not infringed. It also found that unreasonable delay in filing disclaimers voided all the claims. The Circuit Court of Appeals affirmed a decree dismissing the bill.[1] We granted certiorari because of a conflict of decision.

In 1927 the Circuit Court of Appeals for the Seventh Circuit held all of the claims here in suit, except Claim 3, bad for want of invention.[2] In 1931 the Circuit Court of Appeals for the Sixth Circuit held Claim 1 valid and infringed "without prejudice to any rights of the plaintiff under any other claim."[3] Inasmuch as the conflict is limited to Claim 1 we restrict our consideration to that claim. The claim is:

"A heat-insulated vessel of the non-vacuum type having an outer jacket of non-frangible material, an inner container of frangible material, said inner container being bonded to and pendently supported from said jacket, and heat-insulating and shock-absorbing means surrounding said container for limiting oscillations of said container

---

[1] 86 F. (2d) 509.

[2] *Macomb Mfg. Co.* v. *Mantle Lamp Co.,* 22 F. (2d) 93; *Monarch Co.* v. *Mantle Lamp Co.,* 22 F. (2d) 95.

[3] *Mantle Lamp Co.* v. *George H. Bowman Co.,* 53 F. (2d) 441.

while permitting expansion thereof by changes of temperature."

Over thirty years ago containers for keeping their contents hot or cold by the use of a vacuum came into general use. It was found impractical to make such containers of a capacity in excess of one quart or perhaps two quarts. For some years thereafter there were no satisfactory insulated containers of larger size. In 1919 Blair filed application for a patent for a heat insulated receptacle of the non-vacuum type, his object being economically to produce relatively large receptacles which would be sanitary and easy to clean, to improve their insulation, to minimize the transmission of shocks to the inner container which was of glass or other fragile substance. As disclosed by the claim in question he proposed to make a jug or pail-like container the outer jacket of which would be of iron or similar rigid material. Within this there was an inner container of glass (or, as in the commercial article, of earthenware) bonded to and pendently supported from the outer jacket. Between the inner and outer members comminuted material, such as ground cork, was to be inserted for insulating the inner container, limiting its oscillations and permitting its expansion due to changes of temperature.

We pass the questions of infringement and failure promptly to disclaim after the Circuit Court of Appeals for the Seventh Circuit had held the claims invalid in 1927, since we hold that the patent does not disclose invention.

We are of opinion that all the elements of the patent were old and aggregation of them did not involve the exercise of inventive genius but of mechanical adaptation Containers comprising an inner receptacle and an outer casing, the interspace filled with comminuted material, were old. The packing of the space had been practiced both to protect the inner container from shock and to insulate it. The pendulant support of the inner member

by the casing was old. Such pendulant support had been supplied by screwing the threaded neck of the glass container into the threaded neck of the casing, by superimposing an annular flange on the one over a corresponding flange on the other, and by other mechanical means. The petitioner says, however, that novelty and invention are found in the use of a bond to unite the inner and outer members. As to this its brief states: "The patentee says in his patent that he prefers to use the adherent bond described but the disclosure of the patent is not so limited and is broad enough to include any bond either a mechanical or an adherent bond." It is also said that the bond shown in the drawings and described in the specifications acts as a seal at the neck of the container to prevent liquids from seeping into the insulating material and impairing its usefulness. Accepting the view that to bond two articles can signify no more than to unite them firmly by any means, we find in the prior art the bonding of container and casing by mechanical means and by the use of cement and plaster of paris. Invention cannot inhere in Blair's employment of either mode of union. The claim says nothing about the sealing effect of the bond, but if interpretation of the claim by reference to the specification might supply this element, the prior art shows instances of such sealing by the use of an impervious binding material such as cement, and earlier patents claim this sealing as an element of the invention described.

In short, anyone familiar with the prior art needed only by exercise of mechanical skill to combine known methods and structures and so attain the combination exhibited in the patent. The judgment is

*Affirmed.*