26 C.C.P.A. (Patents)
### I'n re PIRANI et al.
### Patent Appeal No. 4088.

Court of Customs and Patent Appeals.
Feb. 27, 1939.

F. Gerald Toye, of Washington, D. C. (Thos. H. Brown, Clarence L. Lattin, and Thos. W. Brown, all of Hoboken, N. J., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner, rejecting claims 25, 26, 27 and 28 of appellant's application for a patent. No claims were allowed.

At the oral argument here, counsel for appellant moved to dismiss the appeal as to claims 25, 26 and 27, which motion will be granted.

Claim 28 reads as follows: "28. A gaseous electric discharge lamp comprising an elongated, tubular container, a luminosity producing gaseous filling therein, cooperating electrodes mounted in the respective ends of said container, each of said electrodes being mounted on a single current lead sealed into said container, one of said electrodes being a cathode and comprising a sintered mixture of metal and oxidic material of high electron emission capable of supporting a luminous electric discharge of high current density and brightness."

The references cited are:
Heany, 761,380, May 31, 1904.
Lederer, 1,461,921, July 17, 1923.
Marden, 1,591,717, July 6, 1926.
Machlett, 1,680,272, August 7, 1928.
Gross, 1,879,740, September 27, 1932.

The alleged invention relates to electric illuminating tubes of the gaseous discharge type. The tubes are filled with one or more noble or base gases, such as neon, with or without a mixture of a vaporizable metal such as mercury. The tubes contain in each end an electrode comprising a sintered mixture of finely divided metal and oxide particles of high electron emission. A single lead-in wire is connected with each electrode.

The Lederer patent discloses an elongated electric discharge lamp filled with one or more gases, such as neon, helium, argon, krypton, etc. The lamp contains at either end an electrode mounted as shown in one of the drawings on a single lead-in wire. One of the electrodes is platinum coated with an electron emissive oxide (calcium oxide), and the other is made of an alkali metal, such as potassium, sodium or lithium.

The Machlett patent discloses an elongated luminous electric discharge tube in

which interior electrodes are used and which is filled with one or more gases, such as neon or helium in combination with mercury vapor. The electrodes are small and made of graphite or carbon impregnated with an alkali metal. A single lead-in wire is provided for each electrode.

The Marden patent relates to electron emission material and a method of manufacture and discloses an electron emissive filament or body comprising a sintered mass of metal particles and alkaline earth oxide particles.

The Heany patent discloses an enclosed arc lamp having within it electrodes composed of a mixture of metal and electron emissive oxide particles.

While one of the grounds of rejection of all of the claims by the examiner was that they were considered unpatentable over the Gross patent, in view of our conclusion, we do not consider it necessary to discuss this reference. Concerning this reference the board stated as follows: "Claims 25 to 28, inclusive were rejected on the Gross patent with the notation that applicants were unsuccessfully involved in interference No. 65,468 with this patent. However, it appears that the counts awarded to Gross contained limitations which were not shown in Pirani's German application and that Gross is limited by his preliminary statement in the interference to a date of July 15, 1928, whereas Pirani is entitled under the convention to the date of July 13, 1928, the filing date of the German application. It is therefore apparent that as to Pirani's invention as claimed here, Gross is not the first inventor. The rejection of the claims on the Gross patent will not be approved for this reason."

With this holding we are in accord.

The board affirmed the decision of the examiner rejecting all of the claims on the ground that they are unpatentable over either the Lederer or the Machlett patents in view of the patents either to Marden or Heany.

The statement of the examiner says: "No invention is deemed to be involved in making electrodes f-g in Fig. 2 of Lederer or electrodes 5 of Machlett of the same composition as taught by Marden or Heany (namely of metal and oxidic material capable of high electron emission), particularly since electrode b in Fig. 1 of Lederer is made of such material (platinum covered with calcium oxide)."

It is quite clear that the patents of Lederer and of Machlett each disclose "A gaseous electric discharge lamp comprising an elongated tubular container and a luminosity producing gaseous filling therein * * *." The patent to Lederer discloses "* * * cooperating electrodes mounted in the respective ends of said container." The Lederer patent and that of Machlett each discloses "* * * electrodes being mounted on a single current lead * * *." The composition of the electrode shown in the appealed claims as "* * * comprising a sintered mixture of metal and oxidic material of high electric emission" is shown by Marden, and the electrode of Lederer is made of such material, platinum covered with calcium oxide although the materials are not sintered. Therefore, it appears that every element of the claim on appeal is old as shown by the references. None of them, it is true, contain all the elements of the claim but a new combination of old elements does not necessarily involve invention. It does not seem to us that it would require exercise of the inventive faculty to replace the electrodes of the Lederer or Machlett patents with electrodes made in accordance with the disclosure of the Marden patent. It seems obvious that one skilled in the art would do so, if he so desired. Mantle Lamp Co. v. Aluminum Products Co., 301 U.S. 544, 57 S.Ct. 837, 81 L.Ed. 1277; In re Cordes, 76 F.2d 302, 22 C.C.P.A., Patents, 1158; In re Wadman, 94 F.2d 993, 25 C.C.P.A., Patents, 936.

Although appellants' device is probably new and useful we do not think it involves invention. In re Green, 97 F.2d 130, 25 C.C.P.A., Patents, 1143.

Appellants contend that the combination of their device eliminates "for the first time many vexatious problems which had beset the art prior to the present invention." The record does not indicate the existence of any such problem. If it did, a different conclusion might have been reached. As this court said in In re McCabe, 74 F.2d 760, 762, 22 C.C.P.A., Patents, 862, 865:

"It may be conceded that appellant's device is a meritorious one, and that it is commercially successful. Nevertheless, there is absolutely nothing in the record to indicate that the use of a constant current transformer in an electrical device, of the type claimed by appellant, was not obvious to one skilled in the art.

"Had the record disclosed that the problem, if it may be so denominated, confront-

ing appellant and those skilled in the art, had *actually remained unsolved* over a protracted period of time, it might be argued with some plausibility that the use of a constant current transformer in an electrical ignition device for fluid fuel burners, for the purposes set forth in appellant's specification, involved invention."

Appellant also contends that none of the references "discloses a self-starting, low voltage gaseous discharge lamp of the type set forth in the rejected claims." The answer to this contention is that the claim in issue does not state that the device is self-starting or of low voltage.

The motion of appellant to dismiss claims 25, 26 and 27 is granted, and for the reasons set forth herein the decision of the Board of Appeals as to claim 28 is affirmed.

Affirmed.