**L. McBRINE CO., Limited, v. SILVERMAN et al.**

**SAME v. KOCH et al.**

No. 9693.

Circuit Court of Appeals, Ninth Circuit.

June 25, 1941.

Rehearing Denied July 18, 1941.

Hackley & Hursh, of San Francisco, Cal., and Morsell, Lieber & Morsell, of Milwaukee, Wis., for appellant.

George B. White and J. E. Trabucco, both of San Francisco, Cal., and Leverett C. Wheeler, of Milwaukee, Wis., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

These are consolidated appeals from judgments dismissing actions for infringement of claims 4, 8, 10, 11, 12, 19, 23, 24, 26 and 27 of patent No. 1,878,989.[1] Both actions were brought by appellant, the L. McBrine Company, Limited. One was against Sol Silverman and Sam Silverman, the other against Herman Koch, Harold M. Koch, William L. Koch and Rebecca Koch. Defenses in each action were that the claims were invalid and that, if valid, they were not infringed. The court below held the claims invalid and dismissed the actions on that ground.

The patent was applied for by Emanuel J. Shoemaker on December 24, 1928, and was issued to appellant (Shoemaker's assignee) on September 20, 1932. The specification states: "This invention relates to hand luggage and more particularly to a means for packing garments so that they may be supported in upright position relative to the common manner in which luggage of this nature is carried." Luggage (a suitcase) embodying the claimed invention is described in the specification and illustrated in the accompanying drawings. It comprises:

1. A body portion having four side walls.

2. A cover portion having four side walls, one of which is hingedly connected to the corresponding side wall of the body portion. In the specification these side walls are called sides.

3. A garment supporting member. This is an H-shaped frame, of which one side (one leg of the H) is hingedly connected to the hinged side wall of the cover portion. In the specification the hinged side wall of the cover portion is called its hinged side.

4. A hanger rod over which garments may be folded, such garments being further

---

[1] The complaints did not say which of the patent's 28 claims were infringed, but the cases were tried below and argued here upon the theory that claims 4, 8, 10, 11, 12, 19, 23, 24, 26 and 27 were the only claims involved.

182

folded, if further folding be required, over the free (unhinged) side of the garment supporting member. The hanger rod is removably carried by the supporting member's hinged side.

■ Each of the claims in suit is for luggage comprising, inter alia, a garment supporting member. This the claims variously describe as "a garment supporting member hingedly connected to the hinged side of said cover portion" (claims 4, 8, 11, 19); "a garment supporting member carried by the hinged side of said cover portion" (claim 10); "a garment supporting member supported on the hinged side of said cover portion" (claim 12); "a garment supporting member hingedly mounted in said cover portion and on the hinged side thereof" (claim 23); "a garment supporting member hingedly carried by the hinged side of said cover portion" (claim 24); "a garment supporting member, one side of which is hingedly connected to one side of said cover and the other side adapted to swing to a position adjacent to the other side of said cover" (claims 26, 27). When the claims are read, as they must be, in the light of the specification and accompanying drawings, it is clear that, as used therein, the term "hinged side of said cover portion" means the hinged side wall thereof, "one side of said cover" means one side wall thereof, and "the other side of said cover" means the opposite side wall.

The evidence establishes that the Kochs have manufactured, sold and used luggage an exemplar of which is in evidence as exhibit 7, and that the Silvermans have manufactured, sold and used luggage an exemplar of which is in evidence as exhibit 8. Other than this, there is no evidence that any of the claims in suit has been infringed by appellees (the Kochs and Silvermans) or any of them.

■ Each exhibit comprises, inter alia, a garment supporting member. This, however, is not a garment supporting member connected to, carried by, supported on or mounted on the hinged side wall of the cover portion; nor is it a garment supporting member one side of which is connected to one side wall of the cover and the other side adapted to swing to position adjacent to the opposite side wall. It is, instead, a garment supporting member connected to and supported by the two lateral (unhinged) side walls of the cover portion. No such garment supporting member is described or referred to in any of the claims in suit. Hence none of the claims in suit was or is infringed by the manufacture, sale or use of appellees' luggage (exhibits 7 and 8).

The trial court found that "the accused structures [exhibits 7 and 8] manufactured and sold by the defendants [appellees] are fairly readable upon and respond to the relied upon claims [claims 4, 8, 10, 11, 12, 19, 23, 24, 26 and 27] of said patent in suit No. 1,878,989," and concluded that "If valid, the relied upon claims of the Shoemaker patent No. 1,878,989 would be infringed by the accused structures of the defendants." The finding and conclusion are rejected as being contrary to the evidence.

The trial court found that a "garment support," exemplars of which were in evidence as exhibits K, L and S, "was invented by Maurice Koch and was known and used by H. Koch & Sons in May, 1928;" that "luggage embodying fixtures similar to those in exhibits K, L and S were known and publicly sold in the summer of 1928 and thereafter;" and that "The prior Koch luggage constitutes an anticipation of the relied upon claims of the Shoemaker patent in suit." The court concluded that "Claims 4, 8, 10, 11, 12, 19, 23, 24, 26 and 27 of the Shoemaker patent No. 1,878,989 are, and each of them is, invalid and void, for anticipation by and for lack of invention over the garment support invented by Maurice Koch and used by H. Koch & Sons in May, 1928," and on that ground dismissed the actions.

■ We affirm the dismissals; not, however, on the ground assigned by the trial court, but on the ground that no infringement was shown. That we may affirm on a ground not assigned by the trial court is well settled. Collier v. Stanbrough, 6 How. 14, 21, 12 L.Ed. 324; Frey & Son v. Cudahy Packing Co., 256 U.S. 208, 210, 41 S.Ct. 451, 65 L.Ed. 892; 3 Am.Jur., Appeal and Error, § 1163, p. 674; 5 C.J. S., Appeal and Error, § 1849, pp. 1334, 1335.

No infringement being shown, we have no occasion to consider whether the evidence does or does not support the trial court's findings and conclusions respecting the invention said to have been made by Maurice Koch. We accordingly leave that question undecided.

■ Both judgments contain the following declaration: "That claims 4, 8, 10, 11, 12, 19, 23, 24, 26 and 27 of letters patent of the United States No. 1,878,989, granted

on September 20, 1932, to Emanuel J. Shoemaker, assignor to The L. McBrine Company, a corporation, being the patent claims sued on in this cause, are, and each of them is, void and invalid in law." For reasons previously stated, the declaration is unnecessary. As to its correctness or incorrectness, we express no opinion.

The judgments are modified by striking therefrom the above quoted declaration. As thus modified, the judgments are affirmed.