## RICHARD IRVIN & CO., Inc., v. WESTINGHOUSE AIR BRAKE CO. et al.

### No. 219.

Circuit Court of Appeals, Second Circuit.

July 9, 1941.

Border Bowman, of New York City, for appellants.

Henry R. Ashton, of New York City (A. M. Wiggins, of Pittsburgh, Pa., of counsel), for appellees.

Before L. HAND and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

It is clear that the defendant does not infringe the only claim in suit, No. 10. In the first place the purpose of the only parts of the A. B. Brake which are alleged to infringe was quite different. Heiniger's pressure retaining valve was designed to keep pressure in the brake cylinder while pressure in the auxiliary reservoir was being built up. In the defendant's brake an emergency application—in which phase alone the A. B. Brake is supposed to infringe—results in emptying the brake pipe line at once, and the delay in exhausting the brake cylinder is not in order to give time to build up pressure in the auxiliary reservoir, but is only an incidental result of the fact that the air in the brake pipe line must build up a higher pressure than that in the auxiliary reservoir, which takes a considerable time. During part at any rate of that period, moreover, the pressure in the auxiliary reservoir, instead of being built up, is leaking into the brake pipe line. Coming next to the details of the claim, if the defendant infringes, the spring, 39, of the A. B. Brake must answer the description, "a spring normally moving the valve" (the "slide valve") "in a direction to close the triple valve exhaust." That spring does not and cannot move the "slide valve" at all, being purposely made too weak to do so. When the piston, 33, moves to the left, the member, 40, will abut upon the right end of the "slide valve" and compress the spring without moving the valve. In that phase the spring, 39, and the member, 40, are functionally parts of the piston and will hold it against the "slide valve" as a sort of abutment against small disturbing forces. After the piston has itself moved far enough to the left to abut upon the "slide valve" its further movement will move the "slide valve" with itself to the left, and in so doing will bring the vents of the auxiliary reservoir and the brake cylinder into register and the vents of the brake cylinder and the exhaust out of register. The spring, 39, has nothing whatever to do with that. It is true that when the piston moves to the right, the spring, 39, does supplement the brake pipe pressure over a very minute part of its transit, i. e. until the member, 40, itself abuts upon the off-set of the piston; but that is the precise opposite of the action of Heiniger's spring, 39, because the piston is then moving to open the exhaust instead of to close it. Furthermore, the truth appears to be, and the judge so found, that the piston engages the member, 40, before it reaches the "slide valve" on its return to the right; which means that only brake pipe line pressure has any effect upon the movement of the "slide valve," even upon its movement to close instead of to open the exhaust. The theory that the spring, 39, moves the "graduating valve," 34, is too unreasonable for discussion. We need not pursue the other elements of the claim.

The patent has never gone into use; manual pressure retaining valves are still part of the equipment of the A. B. Brake; and we should not be warranted in giving the claims any but the most meagre range of equivalents. Claim 10 in particular, as the judge said, is a very specific one, Heiniger having rested any effort to generalize his invention upon other claims which he has either disclaimed or does not allege to infringe. On what theory we are to twist the definite language of claim 10 so as to cover what he never conceived, we cannot imagine.

We do not find it necessary to decide the issue of validity. The judgment will be reversed, so far as it held the patent invalid because that issue became moot as soon as it appeared that the defendant did not infringe; but it will be affirmed on the issue of infringement. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263.

Judgment modified and as modified affirmed.