**FREEMAN et al. v. ALTVATER et al.**

No. 12241.

Circuit Court of Appeals, Eighth Circuit.

Sept. 28, 1942.

Rehearing Denied Nov. 3, 1942.

For former opinion, see 129 F.2d 494.

Marston Allen, of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, and Bruninga & Sutherland, of St. Louis, Mo., on the petition for rehearing and brief on motion to revise decree and stay mandate), for appellants.

Edmund C. Rogers, of St. Louis, Mo. (Lawrence C. Kingsland and Kingsland, Rogers & Ezell, all of St. Louis, Mo., on the brief in opposition to motion to revise decree and stay mandate), for appellees.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

In our opinion in this case, we directed that the decree appealed from be affirmed. Freeman et al. v. Altvater et al., 129 F.2d 494. Plaintiffs filed petition for rehearing, which was denied, whereupon they filed motion to modify the opinion and revise the decree on appeal which generally affirmed the decree of the trial court. On presentation of this motion we set aside our order denying petition for rehearing as having been improvidently entered and reinstated plaintiffs' petition for rehearing. The matter is now before us both on petition for rehearing and motion to modify the opinion and revise our decree on appeal.

In its decree the trial court adjudged (1) that defendants' accused devices did not infringe plaintiffs' reissue patent No. 20,202; (2) that the original contract of January 1, 1929, between the parties terminated December 8, 1936, and that no new contract had since been entered into; (3) that Freeman was evicted from the monopoly protected by his patent by the decision in Premier Machine Company v. Freeman, 1 Cir., 84 F.2d 425, on June 3, 1936; that the original Freeman patent No. 1,681,033 became invalid November 11, 1932, and that the reissue patents Nos. 20,202 and 20,203 were invalid; (4) that the bill of complaint and the supplemental bill be dismissed; (5) that the issues on the counterclaim are found in favor of the defendants. Being of the view that the trial court properly dismissed plaintiffs' bill of complaint and supplemental bill because defendants were no longer licensees and that their accused devices did not infringe plaintiffs' reissue patent No. 20,202, we affirmed the decree without considering the question of the validity of plaintiffs' patents. We also put aside as unnecessary for decision the contention of defendants that plaintiffs had entered into license and lease agreements by which they attempted to monopolize and limit competition in unpatented dies and machines, and we thought it unnecessary to consider the question of the validity of plaintiffs' patent, as we concluded that the trial court's finding of non-infringement could not be set aside as clearly erroneous. On their motion to modify the opinion and revise our decree on appeal, appellants have brought sharply to our attention the effect of a general affirmance of the decree appealed from, pointing out that the general affirmance is broader than our opinion warrants.

■ The trial court having found no contract of license between the parties and having found no infringement, the other issues became moot and there was no longer a justiciable controversy between the parties. L. McBrine Co., Ltd., v. Silverman, 9 Cir., 121 F.2d 181; Richard Irvin & Co., Inc. v. Westinghouse Air Brake Co., 2 Cir., 121 F.2d 429; Electrical Fittings Corp. v. Thomas & Betts Co., et al. 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263. When we sustained the decree on the ground of lack of infringement, we pretermitted consideration of the claim of invalidity of plaintiffs' patents, but we did not order a modification of the decree appealed from, and both parties now assert that the decree of the lower court, if permitted to stand, will be res judicata between the parties on that issue. In L. McBrine Co., Ltd., v. Silverman, supra, the Circuit Court of Appeals of the Ninth Circuit determined that none of the claims in suit were infringed. The judgment below was bottomed on infringement. The court, among other things, said [121 F.2d 182]:

"We affirm the dismissals; not, however, on the ground assigned by the trial court, but on the ground that no infringement was shown. * * * No infringement being shown, we have no occasion to consider whether the evidence does or does not support the trial court's findings and conclusions respecting the invention said to have been made by Maurice Koch. We accordingly leave that question undecided.

"Both judgments contain the following declaration: 'That claims 4, 8, 10, 11, 12, 19, 23, 24, 26 and 27 of letters patent of the United States No. 1,878,989, granted on September 20, 1932 to Emanuel J. Shoemaker assignor to The L. McBrine Company, a corporation, being the patent claims sued on in this cause, are, and each of them is, void and invalid in law.' For reasons previously stated, the declaration is unnecessary. As to its correctness or incorrectness, we express no opinion.

"The judgments are modified by striking therefrom the above quoted declaration. As thus modified the judgments are affirmed."

In Richard Irvin & Co., Inc., v. Westinghouse Air Brake Co., et al., supra, the patent involved had been held invalid and not infringed by the lower court. After affirming the lower court as to non-infringement the court said [121 F.2d 430]: "We do not find it necessary to decide the issue of validity. The judgment will be reversed, so far as it held the patent invalid because that issue became moot as soon as it appeared that the defendant did not infringe; but it will be affirmed on the issue of infringement."

In Electrical Fittings Corp. et al. v. Thomas & Betts Co. et al., supra, the Supreme Court had before it a decree in which the District Court had held one claim of a patent valid but not infringed and another claim invalid. The trial court had entered decree adjudging one claim valid but dismissing the bill for failure to plead infringement. The court points out that the decree appealed from purports to adjudge the validity of one of the claims and then proceeds to say that: " * * * though the adjudication was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated. We think the petitioners were entitled to have this portion of the decree eliminated, and that the Circuit Court of Appeals had jurisdiction, as we have held this court has, to entertain the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree. The judgment is reversed, and the cause is remanded to the Circuit Court of Appeals with instructions to entertain the appeal and direct the District Court to reform its decree in accordance with the views herein expressed."

By their counterclaim defendants sought a declaratory judgment, but, as already observed, when the court found no infringement, there then remained no justiciable controversy. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

It follows that the general affirmance of the decree appealed from, directed by our former opinion, should be and is modified by eliminating therefrom paragraphs 3 and 5, adjudging plaintiffs' reissue patents Nos. 20,202 and 20,203 invalid, adjudging Freeman to have been evicted from the monopoly of his patent on June 5, 1936, and adjudging the issues on de-fendants' counterclaim in favor of defendants. We express no opinion as to the issues involved in the paragraphs of the decree so eliminated. As so modified the decree appealed from is affirmed. Except as otherwise directed herein, the petition for rehearing and the motion are denied.