## MABEY et al. v. HOWARD & LEWIS MOTOR SALES, Inc.

### No. 3788.

Circuit Court of Appeals, First Circuit.

Dec. 18, 1942.

Ira Lloyd Letts, of Providence, R. I. (Perley H. Plant, John L. Curran, and Louis V. Jackvony, all of Providence, R. I., of counsel), for appellants.

I. Joseph Farley, of Detroit, Mich. (S. Everett Wilkins, Jr., and Hinckley, Allen, Tillinghast & Wheeler, all of Providence, R. I., and Thomas J. Hughes, of Detroit, Mich., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This suit for patent infringement presents the question whether the application of a skeleton frame to prevent horizontal or vertical movement of a battery in an over-size container involves invention.

The District Court held the patent invalid (O'Brien v. Howard & Lewis Motor Sales, Inc., 1941, 42 F.Supp. 329), and plaintiffs appealed.

Appellants are the patentee under U. S. Patent No. 1,677,789, granted on July 17, 1928 and his assignee of a part interest. The charge of infringement is based upon sales by appellee of Ford motor cars alleged to have contained an infringing device. It was stipulated that the defendant sold Ford automobiles embodying the alleged infringements and that defense of this suit had been assumed by the Ford Motor Company.

The circumstances of the alleged invention were these: Appellant Mabey had occasion to replace the battery in his Chevrolet car. The battery was set in a rectangular container or box somewhat larger than the battery and with upwardly extending posts at either end. The clamping means then in use consisted of two short pieces of metal having a hole for slipping them on the posts, extended over and curved partially around the handles at the ends of the battery. Nuts screwed down on the threaded upper portion of the posts held the clamps in place. Mabey came to the conclusion that the damage to his old battery was caused by the clamping means used. The arrangement, he thought, permitted sidewise movement of the battery within the container; furthermore, the clamps pressing down at the ends of the battery tended to pull the battery apart. To correct these defects, Mabey developed the device here in suit.

Claim three of the patent, the only one in issue, describes appellants' arrangement:

"3. In a device of the character described, a battery box holder, a battery box in said holder, and a clamp therefor comprising a skeleton frame provided with corner plates adapted to bear against the upper edges of the battery box adjacent to the corners thereof, and having depending lugs engaging the sides of said battery box adjacent to the corners thereof whereby lateral movement of said battery box in said holder is prevented, and means carried by said holder for drawing the clamp into close engagement with said battery box."

We agree with the court below that this adaptation of the skeleton frame did not involve invention as distinguished from mere mechanical skill. See Atlantic

Works v. Brady, 1882, 107 U.S. 192, 199, 200, 2 S.Ct. 225, 27 L.Ed. 438; Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 90, 62 S.Ct. 37, 86 L.Ed. 58.

The skeleton frame is one of the most common mechanical expedients known to man and its functions are well understood. A window is merely a skeleton frame surrounding a light of glass. Picture frames are another everyday application. It seems difficult to conceive how any simple use of such a frame as a holding device could involve the faculty of invention. In any such problem all that is necessary is to construct a frame with elements adapted to bear against the article at points where it is sought to prevent a shifting of position and to attach the frame to the object relative to which movement is to be prevented. Its function in holding a battery is no departure from the customary. No new mode of operation or new result is effected. Cf. Cuno Engineering Corp v. Automatic Devices Corp., supra (use of thermostat in cordless lighter to obtain automatic cigar lighter for automobiles); Altoona Publix Theatres v. American Tri-Ergon Corp., 1935, 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005 (application of flywheel to achieve uniform speed of movement of a strip phonograph record); Brown v. Piper, 1875, 91 U.S. 37, 23 L.Ed. 200 (principle of ice cream freezer used for freezing fish).

Furthermore, it is not open to appellants to argue that the prior use of skeleton frames relates only to non-analogous arts. The construction of Willard storage batteries for railroad passenger cars as early as 1904 incorporated a skeleton frame which cannot be distinguished from Mabey's frame in its structural elements. This frame was used to hold the cover of the battery in place relative to the battery box and to secure the individual cells against movement relative to each other. Appellants object that this construction shows no conception of holding the battery as a whole against horizontal movement with respect to a base or other object. However, such function is analogous to, if not identical with, that performed by the Willard frame, as would be readily apparent to a mechanic. Two patents to Hawthorne, Nos. 1,174,571 and 1,188,649, show a casing for clamping and covering motorcycle batteries. As stated by the Patent Office in considering some of the claims of the Mabey patent, this casing may be regarded as equivalent to a skeleton frame since that is what would remain if the upper portion of the casing were cut away. To be sure, as appellants suggest, these patents relate to motorcycle batteries which are designed to fit snugly within their containers, but very slight mechanical knowledge would suggest the application of the same construction in clamping securely a battery smaller than its holder. In addition, the finding that Mabey's idea was the product of ordinary mechanical skill is buttressed by the testimony of defendant's expert witness.

■ Appellants also urge that the District Court went astray in failing to recognize that this is a combination claim, in which the elements of a battery box holder, a battery within the holder, a clamp comprising a skeleton frame, and means carried by the holder for attaching the clamp to the holder, all cooperate to accomplish a result not previously obtained. A mere aggregation of old elements which, in the aggregation, perform no new or different function from that previously performed is not patentable invention. Lincoln Engineering Co. v. Stewart-Warner Corp., 1938, 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008; Anderson Co. v. Lion Products Co., 1 Cir., 1942, 127 F.2d 454, 457. The only improved element is the clamp, and the skeleton frame used as a clamp performs its customary function. Every other element is identical in design and function with the prior art as revealed by the drawings of the patent itself. Appellants cannot in effect repatent the old combination by reclaiming it with but one improved element substituted to perform the same function. Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 550, 58 S.Ct. 662, 82 L.Ed. 1008; Bassick Mfg. Co. v. R. M. Hollingshead Co., 1936, 298 U.S. 415, 425, 56 S.Ct. 787, 80 L.Ed. 1251.

The decision of the District Court is affirmed, with costs to the appellee.