## KUGELMAN v. SKETCHLEY.
### No. 10096.

Circuit Court of Appeals, Ninth Circuit.

Feb. 11, 1943.

Bernard F. Garvey, of Washington, D. C., and Frank L. A. Graham, of Los Angeles, Cal., for appellant.

Robert W. Fulwider, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellant against appellee for infringement of claims 13, 14 and 15 of patent No. 2,042,407. Defenses pleaded by appellee were that the claims were invalid, and that, if valid, they were not infringed. The court below held the claims invalid and dismissed the action. Appellant seeks reversal.

The patent was applied for by appellant on August 13, 1931, and was issued to him on May 26, 1936. It relates to devices for cleaning drains and other conduits. Such devices are called drain cleaners, plumber's snake tools, pipe-cleaning tools, pipe-opening machines and various other names. Claims 13, 14 and 15 read as follows:

"13. A plumber's snake tool comprising a flexible member adapted to be advanced into a conduit to be cleared and to be worked therein in conduit-clearing action, a circular member-housing sheath having a substantially central guide aperture on its side aperture centrally inward of the periphery thereof and through which said member may be withdrawn for advance into a conduit and through which aperture said member may be returned to the interior of the sheath angularly to be automatically coiled in normally housed condition in the sheath and with convolutions in substantial number expanded into intimate engagement with the inner periphery of the sheath, and a mounting means for said sheath.

"14. A drain cleaner including a casing circular in cross section, a resilient snake engageable in the casing to form coils expanded into intimate engagement with the casing wall, and a tubular guide member for the snake mounted on and communi-

cating with the casing, the guide member being substantially perpendicular to the plane of the coils and substantially central of the latter.

"15. A plumbers' snake tool comprising a flexible conduit-clearing member adapted to round the turns of a conduit to be cleared of an obstruction, a circular sheath member in which retracted portions of said conduit-clearing member are normally housed and against the inner periphery of which stored convolutions of said conduit-clearing member may lie, and a tubular member on the sheath forming a guide for a portion of the length of said conduit-clearing member and through which such last named member may be reciprocated as portions thereof are withdrawn from and returned to said circular sheath member for storage therein."

To ascertain the meaning of terms used in the claims, we look to the specification. Motoshaver, Inc., v. Schick Dry Shaver, 9 Cir., 112 F.2d 701, 702; L. McBrine Co. v. Silverman, 9 Cir., 121 F.2d 181, 182. Therefrom it appears that the "flexible member" mentioned in claim 13, the "resilient snake" mentioned in claim 14 and the "conduit-clearing member" mentioned in claim 15 are one and the same thing, namely, a flexible, resilient, rotatable wire, commonly called a plumber's snake; that the "member-housing sheath" mentioned in claim 13, the "casing" mentioned in claim 14 and the "sheath member" mentioned in claim 15 are one and the same thing, namely, a circular casing in which the snake is stored when not in use; and that the "guide member" mentioned in claim 14 and the "tubular member" mentioned in claim 15 are one and the same thing, namely, a tubular guide through which the snake passes after leaving the casing.

Thus claim 13 is for a device comprising a plumber's snake, a circular casing in which the snake is stored when not in use and a mounting means for the casing. Claims 14 and 15 are for devices each of which comprises a plumber's snake, a circular casing in which the snake is stored when not in use and a tubular guide through which the snake passes after leaving the casing.

Patent No. 1,568,094, issued to John W. Shelburne on January 5, 1926, and patent No. 1,616,833, issued to Joseph Stremel on February 8, 1927, described devices each of which comprised a plumber's snake and a tubular guide through which the snake passed. Patent No. 1,807,549, issued to Amel Reber on May 26, 1931, described a device comprising a plumber's snake, a circular casing in which the snake was stored when not in use and a mounting means for the casing.

Reber's casing was cylindrical. Appellant, in claims 13, 14 and 15, describes his casing as being circular, but does not say whether it is cylindrical or not. His specification shows an annular casing, but his claims are not limited to that form of casing. His specification states: "It will be understood that I desire to comprehend within my invention such modifications as may be clearly embraced within my claims and the scope of my invention." Claims 13, 14 and 15 clearly embrace a cylindrical casing.

Reber's casing contained a spool on which the snake was wound. Appellant's casing contains no spool. Instead of winding the snake on a spool, he allows it to form coils which automatically expand against the inner surface of the casing. Claims 13 and 14 describe the coils as being in "intimate engagement" with the casing, but (as clearly appears from the specification) the "engagement" is merely that which results from allowing the coils to expand against the casing.

Patent No. 765,650, issued to Louis A. Casgrain on July 19, 1904, and patent No. 1,294,384, issued to William H. Borden on February 18, 1919, described wire-dispensing devices each of which comprised, inter alia, a casing in which coils of wire were allowed to expand against the inner surface of the casing, such expansion resulting from what Borden called the "springiness" of the wire. A similar cause produces a similar result in the devices described in claims 13, 14 and 15.

If, as he claims, appellant improved upon Reber's device, he did so by omitting the spool, or (to state it another way) by substituting a spoolless casing for the spool and casing of Reber's device. To effect this improvement, if it was an improvement, required nothing beyond the skill of the art. It obviously did not constitute invention. Cf. Mantle Lamp Co. v. Aluminum Products Co., 301 U.S. 544, 547, 57 S.Ct. 837, 81 L.Ed. 1277; Textile Machine Works v. Louis Hirsch Textile Machines, 302 U.S. 490, 497, 498, 58 S.Ct. 291, 82 L.Ed. 382; Toledo Pressed Steel Co. v. Standard Parts, 307 U.S. 350, 356, 59 L.Ed.

428

897, 83 L.Ed. 1334. Lack of invention being clear, no significance attaches to the fact, if it be a fact, that commercial success followed the claimed improvement. Toledo Pressed Steel Co. v. Standard Parts, supra.

■ We conclude, as did the court below, that claims 13, 14 and 15 are invalid for lack of invention.

Judgment affirmed.