**ALTVATER et al. v. FREEMAN et al.**

No. 12417.

Circuit Court of Appeals, Eighth Circuit.

April 15, 1943.

Lawrence C. Kingsland, of St. Louis, Mo. (Edmund C. Rogers and Kingsland, Rogers & Ezell, all of St. Louis, Mo., on the brief), for appellants.

John H. Sutherland, of St. Louis, Mo. (Marston Allen, of Cincinnati, Ohio, on the brief), for appellees.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

A history of some of the previous litigation on the patent rights involved will assist in an understanding of the situation that is now before us.

In Freeman v. Altvater, 8 Cir., 1933, 66 F.2d 506, we directed the district court to issue an injunction and to take an accounting, on an infringement of Freeman patent No. 1,681,033 and a violation of the licensing agreement between the parties for the use of the Freeman patent.

In Premier Machine Co. v. Freeman, 1 Cir., 1936, 84 F.2d 425, a considerable number of the claims in Freeman patent No. 1,681,033 were declared invalid. Freeman accepted this adjudication, filed a disclaimer of the invalidated claims, made a surrender and applied for a reissue patent on

---

[2] Cf. Meredith v. City of Winter Haven, 5 Cir., 134 F.2d 202.

the claims held in that litigation to be valid, and on some other claims. Reissue patents Nos. 20,202 and 20,203 were thereafter issued to him on these claims.

In Freeman v. Altvater, 8 Cir., 1942, 129 F.2d 494, Freeman sought to enforce his reissue patents under the license agreement involved in the proceedings in 66 F.2d 506, supra, and to enjoin the use of some accused devices as infringing the reissue patents. We modified and affirmed the judgment of the district court in favor of defendants, on the grounds that defendants were entitled to treat the original licensing agreement as terminated from the date of the reissue patents, and that the accused devices did not infringe the reissue patents. We did not attempt to consider the validity of the reissue patents or the other issues raised by defendants. See 130 F.2d 763, on petition for rehearing.

While the litigation involved in 129 F.2d 494 and 130 F.2d 763 was pending in this court, defendants filed a petition in the district court, in the proceedings involved in 66 F.2d 506, to discharge the injunction directed by our mandate in 1933, on the grounds that the original licensing agreement had been terminated in 1936, by the disclaimer of the original patent claims and the surrender; that the original patent thereby had become invalid as to all its claims; that there had been no valid reissue of any of the original patent claims; and that there were accordingly no existing patent rights to support a continuing injunction.

Plaintiffs filed objections to the jurisdiction of the district court to hear or entertain the petition "without leave having first been obtained from the United States Circuit Court of Appeals." Compare John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 91, 42 S.Ct. 196, 66 L.Ed. 475; National Brake & Electric Co. v. Christensen, 254 U.S. 425, 430, 431, 41 S.Ct. 154, 65 L.Ed. 341. The district court sustained plaintiffs' objections, and defendants have appealed.

Waiving consideration of the procedural questions discussed and ignoring unimportant formalities, we shall treat the proceedings here as equivalent to an application for leave to petition the district court to discharge the injunction. The contentions in the petition are such as, if satisfactorily established, would entitle defendants to have the injunction against them dissolved, without, of course, affecting the accounting rights existing under our previous mandate. Whether the reissue patents are wholly invalid, as defendants contend, or, if not, whether the claims as reissued are within the protective scope of the existing injunction is a matter which the district court will have to determine, together with such other issues as may be raised, on the hearing on the petition.

The order of the district court sustaining the objections to its jurisdiction will be vacated, for the purpose of allowing the situation to be treated as if application had originally been made to this court for leave to petition the district court to discharge the injunction and to permit that court to hear and dispose of the petition on its merits. The parties will pay their own costs in this court.

So ordered.