**CORADON CO., Inc., v. SCHNEIDER.**

No. 4514.

District Court, N. D. Ohio, W. D.

Oct. 3, 1942.

736

Carl E. Ring (of Ring & Murray), of New York City, and Carl F. Schaffer (of Owen & Owen), of Toledo, Ohio, for plaintiff.

Freeman Crampton and Faust F. Crampton, both of Toledo, Ohio for defendant.

FREED, District Judgè.

This is a declaratory judgment action which arises out of the fact that the defendant sent letters to the plaintiff's customers asserting that his patent was infringed.

The defendant, Gale J. Schneider, is the owner of United States Letters Patent No. 1,858,790 issued to him on May 17, 1932, for "Food B'reakers" and he has been engaged in the manufacture and sale of the patented device marketed as a "Cake Breaker."

The plaintiff, Coradon Company, Inc., has been engaged in the manufacture and sale of a device known as the "Combination Cake Breaker, Pie Cutter and Server" as a licensee under United States Letters Patent No. 2,081,011 issued to Alfred J. Lautmann, on May 18, 1937.

It is contended that the device manufactured and sold by the plaintiff embodies the invention of Letters Patent No. 1,858,790 and that its manufacture, use and sale infringes defendant's rights.

It is further contended that plaintiff has engaged in unfair competition in selling its product as a "Combination Cake Breaker, Pie Cutter and Server," the defendant claiming exclusive rights to the use of the words "Cake Breaker" as a tradename for his device.

The plaintiff denies that its device embodies the inventions of the defendant and the validity of defendant's patent, and maintains that "Cake Breaker" is a combination of words purely descriptive and hence defendant cannot acquire tradename rights to them.

Claim No. 3, as follows, is typical of the claims in defendant's patent: "3. In a utensil for dividing foods, an arm having a handle portion located at one end of the arm, a plurality of straight parallel pins extending from closely spaced points along substantially the entire length of the arm in a direction transverse to the length of the arm and substantially in a plane common to the plane of the handle portion and forming means for puncturing and penetrating the food and for dividing the food along the plane defined by the pins."

Claim No. 3 of the Lautmann patent under which plaintiff made its device is ·typical: "3. A cake breaker, pastry knife, and server comprising a substantially flat elongated blade, a handle extending from said blade, said blade being slotted from one of its longer edges to form tines, and teeth formed integral with said body at substantially the longitudinal center of said blade and in the same plane with said blade and tines."

The devices in question, as disclosed in the claims asserted and by viewing the actual devices introduced in evidence, are of such character both in appearance and in their operation that expert testimony is not .required to determine whether one embodies the features of the other.

■ The court, after examination and comparison of the two, readily arrives at the conclusion that there is no infringement. Singer Mfg. Co. v. Cramer, 192 U.S. 265, 24 S.Ct. 291, 48 L.Ed. 437; Heald v. Rice, 104 U.S. 737, 26 L.Ed 910; Market Street Cable Railway Co. v. Rowley, 155 U.S. 621, 15 S.Ct. 224, 39 L.Ed. 284. It is apparent to the court that plaintiff's device does not embody the invention of defendant's patent.

■ The testimony of defendant's witnesses who were demonstrators of defendant's product substantiates this conclusion. This being the court's conclusion, it is not necessary to determine the validity of defendant's patent (Railway Co. v. Sayles, 97 U.S. 554, 24 L.Ed. 1053) to adjudicate this controversy.

■ The defendant's contention that he has an exclusive right to the use of the words "Cake Breaker" is without merit. To foreclose their use to the plaintiff in connection with the sale of its product would constitute a refusal of the right to use commonly accepted descriptive terms found in the English language. The court fails to see in the combination of these words "a unique, arbitrary and somewhat antithetical connotation." In Kellogg Co. v. National Biscuit Co., 305 U.S. 111, on

page 118, 59 S.Ct. 109, on page 113. 83 L. Ed. 73, Mr. Justice Brandeis said:

" * * * It must show that the primary significance of the term in the minds of the consuming public is not the product but the producer. This it has not done. * * *"

No such showing was made by the defendant in this case.

Relief, therefore, will be granted to plaintiff in accordance with the court's opinion.