## SIGNALITE FUSE CO. v. FUSE INDICATOR CORPORATION.

Civ. No. 857.

District Court, D. Delaware.
July 22, 1948.

E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., and Paul Kolisch, of New York City, for plaintiff.

Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and William C. Linton, of Washington, D. C., for defendant.

LEAHY, District Judge.

This suit is for declaratory judgment, 28 U.S.C.A. § 400, that plaintiff does not infringe Smalley No. 1,850,853 and that the patent is invalid. Controversy exists because defendant sued one of plaintiff's customers for infringement in the District of Columbia. Defendant in addition to its charge of infringement relies on three special defenses, two of which are in the nature of estoppel and the third license.

The first defense is res judicata or estoppel by judgment. It is based on a decree entered on March 9, 1938 by the United States District Court in the case of Indicating Fuse Manufacturing Corporation v. William F. Holtzman, wherein that Court held claims 2, 3 and 5 of the patent in suit here valid and infringed. Plaintiff

in that suit was the predecessor in title to the Smalley patent of defendant here. Indicator Corporation, who it is charged is the present plaintiff's predecessor, apparently was in defense of the litigation for the Court made the following specific finding:

"3. Defendant, upon being served with copy of the Bill of Complaint, submitted the papers to the Indicator Corporation, of Newark, New Jersey, manufacturers of the fuses as shown in Plaintiff's Exhibit B, which corporation agreed to, and actually did, employ counsel to defend the action and pay all expenses therefor, and the defense of this suit, up to the actual trial thereof was taken over, conducted, controlled and paid for by the Indicator Corporation of Newark, New Jersey."

Under such circumstances Indicator Corporation would be bound by the decree. Caterpillar Tractor Co. v. International Harvestor Co., 3 Cir., 120 F.2d 82, 139 A. L.R. 1.

After the decree was entered, Indicator Corporation went into liquidation and its receiver sold its assets to present plaintiff who continued to manufacture with the same machinery the type of fuse held to have infringed in the District of Columbia action. An inference may be drawn from the evidence that the present plaintiff is in privity with the Indicator Corporation as shown by later discussion.

The second special defense is estoppel to attack the validity of the patent in suit. Defendant has documentary evidence that from May, 1945, up to date of trial plaintiff held itself out as the owner of the Smalley patent. After plaintiff had purchased the assets of Indicator Corporation, the Court of Chancery of New Jersey ordered its receiver to execute all necessary instruments of assignment. On May 7, 1945, the receiver assigned to plaintiff in the case at bar a number of patents, including the Smalley patent. Plaintiff soon thereafter recorded the assignment in the United States Patent Office.

At this point I wish to comment on all of the special defenses. The facts surrounding them are confusing, incomplete and contradictory. For example, neither the receiver of Indicator Corporation nor plaintiff ever had legal title to the Smalley patent. Such title was in defendant and its predecessor. But for plaintiff's public assertion of title, defendant claims plaintiff should be estopped to deny validity.

Again to show the transmutation of the defenses, the last special defense is that plaintiff is a licensee. The amazing thing is there are facts—I have suggested a caveat as to their incompleteness—which give support to all three special defenses.

It appears in 1937 defendant's predecessor in title had agreed to sell its assets to Indicator Corporation but if the agreement did not take place Indicator was to take a license, a copy of which was attached to the agreement as an exhibit. The agreement failed and while the written license was not formally executed the evidence indicates the parties dealt on the basis of a license. For example, on December 9, 1937, January 15 and February 14, 1938, Indicator gave reports as if operating under the license and paid royalties as disclosed by the reports. Moreover, in 1946 plaintiff attempted to have the 1937 agreement with its exhibits recorded in the Patent Office, presumably to show it was a licensee. Such recording was refused.

I sustain the special defenses that plaintiff cannot attack the validity of the patent in suit because I must accept what facts there are with respect to the three special defenses; but there are large parts of the picture which it is impossible to bring into focus.

Whether the court should in a declaratory judgment action go into the question of validity where there is a finding of non-infringement, is a question to be decided in each case depending in the last analysis upon the discretion of the court. I have invariably decided both questions in this type of litigation. But recently in Kennametal, Inc. v. American Cutting Alloys, Inc., D.C. 77 F.Supp. 136, after finding non-infringement I refrained from passing on the question of validity as to certain of the patents there in suit. In addition to the authorities there cited to sustain such action, reference may be had to the leading decision of Judge Frank in

Cover v. Schwartz, 2 Cir., 133 F.2d 541. See, too, Hale v. General Motors Corporation, 1 Cir., 147 F.2d 383, 388; Landis Machinery Co. v. Chaso Tool Co., Inc., 6 Cir., 141 F.2d 800, 805; Larson v. General Motors Corporation, 2 Cir., 134 F.2d 450; Richard Irvin & Co., Inc. v. Westinghouse Air Brake Co., 2 Cir., 121 F.2d 429; American Can Co. v. M. J. B. Co., 3 Cir., 59 F.2d 77, 78; Coradon Co. v. Schneider, D.C., 47 F.Supp. 735; Hazeltine Corporation v. Emerson Television Radio, Inc., D.C., 41 F.Supp. 800, 801; Lanova Corporation v. National Supply Co., D.C., 30 F.Supp. 742, 747.

As stated above, as there are large factual gaps in connection with the special defenses, this is a case where the court, in its discretion, should go into the question of both validity and infringement, especially where, as here, a simple patent is involved. It is for this reason that I pursue the subject further so that the Court of review, if called upon, and if the special defenses are rejected, may have the benefit of my views on the substantive question of validity. Included in the following findings I shall also treat on the remaining issue of whether plaintiff's device infringes the Smalley patent.

1. Controversy exists.

2. The patent covers a fuse for electrical circuits to be used in connection with electric lights, heaters, motors, etc.

3. The Smalley patent discloses a cartridge type fuse 10 having a fusible element 17 in the form of a narrow ribbon strip through which current flows from one terminal 11 to a second terminal 12 and back into a circuit. If the current in the circuit rises above a critical value, fusible element 17 will melt and break the connection between terminals 11 and 12 thereby stopping the flow of current in the circuit. When the fusible element breaks, i. e., the fuse "blows", a lamp 15 lights and becomes visible through an opening 16 in the casing 10 enclosing the fuse. This lamp is connected between terminals 11 and 12 and as long as fusible element 17 is intact it will not light because element 17 provides a short circuit or shunt across it.

4. According to the Smalley patent lamp 15 is a "miniature glow lamp" containing a "low potential mixture of inert gases". These terms are nowhere defined in the patent and one skilled in the art would not know how to supply the information lacking.

5. Claim 2 is confusing because the leak resistance is not, as stated, in parallel alone with the fusible element, but is so connected together with the lamp and wire leading to the lamp. Claim 3 is like claim 2. Claim 4 means the same as claim 3 except for placing the lamp "within the fuse". Claim 5 is the same as claim 2 except that it uses the word "in shunt" which means the same thing as the word "parallel" used in claim 2. Claims 6 and 7 are the same as claim 4 except that claim 7 describes an opening in the wall of the fuse. Claims 8–12 are for combinations and permutations of the words used in claims 2–7, although claims 11 and 12 specify the mixture of gas in the lamp as consisting of neon and argon without given percentages. Claims 1 and 13 state that the fuse is of the cartridge type. All of the claims of the patent except 2, 3 and 5 locate the lamp as being within or in the fuse or shell.

6. No indicator fuse made strictly according to the Smalley patent was ever in commercial use.

7. Fuses were known for a long time prior to 1926, the date of the filing of the Smalley application, in which some visual indication was given when a fuse "blew". Buchanan No. 852,539 performed the same function in substantially the same manner as the Smalley device. According to the Buchanan patent an incandescent electric lamp indicating the blowing of the fuse, remains lighted even though the defective fuse is removed. Claim 2 of the Buchanan patent dominates all fuse structures like Smalley's and plaintiff's whether gas discharge or incandescent indicator lamps are used.

8. Moore No. 1,316,967 shows that gas or glow discharge lamps just like the one described by Smalley were known prior to him. Moore No. 1,816,690 is for a miniature indicator lamp just like Smalley's.

9. Fig. 3 of German patent No. 328,-951 is a complete anticipation of Smalley in that it shows the same type of gas discharge indicator lamp in combination with a fuse for the same purpose.

10. The accused devices are of the screw plug type and not cartridge type like defendant's; they contain six fuses and a glow discharge lamp in a casing rotatable with respect to the fusible elements. The lamp casing is outside the fuse shell. In the accused devices the lamp is separate from and is not within or in the fuse or shell; and the lamp is filled with pure neon and not a "mixture" of gases, although it may contain a trace or a small percentage of other gases than neon.

11. The accused device, PX. 4, is manufactured under Altschule No. 2,284,599; and the accused device, PX. 7, is manufactured under Altschule No. 2,287,010.

The Conclusions may now be stated:

1. The three special defenses are sustained and the complaint should be dismissed.

2. None of the claims of the Smalley patent is infringed by the accused devices.[1] The counterclaim should be dismissed.

---

[1] If the special defenses were to be without support the remaining Conclusions would read: The stated claims of the Smalley patent are invalid because (a) they fail to satisfy R.S. 4888, 35 U.S. C.A. § 33; (b) they describe an inoperative structure; (c) they fail to patentably define any invention in view of the prior art.